BURDICK, Justice
Vernon K. Smith appeals the district court’s award of attorney fees to Treasure Valley Seed Company, LLC and its owner Don Tolmie (collectively TVSC). Because we conclude the district court erred in fashioning the award of attorney fees under Idaho Code section 12-121, we vacate and remand.
I. FACTUAL AND PROCEDURAL BACKGROUND
This ease arises from a contract for the sale of lima beans between Victoria H. Smith and TVSC. On December 13, 2013, Victoria’s son, Vernon K. Smith, filed a complaint against TVSC. The complaint alleged claims for breach of the lima beans contract. As plaintiff, the complaint named “VICTORIA H. SMITH, by and through her attorney in *109 fact, Vernon K. Smith, by and through his Durable and Irrevocable Power of Attorney.”
On March 3, 2014, TVSC learned Victoria had died on September 11, 2013—roughly three months before the complaint was filed. TVSC then moved to dismiss the complaint, contending there was no real party in interest. Vernon responded and argued he was the real party in interest because of his durable and irrevocable power of attorney. The district court concluded Vernon’s power of attorney had terminated at Victoria’s death. Further, the district court reasoned that because no personal representative had been appointed through probate, there was no real party in interest. Accordingly, the district court granted TVSC’s motion to dismiss.
TVSC filed a timely memorandum of costs and requested attorney fees under Idaho Code section 12-120(3), Idaho Code section 12-121, and Idaho Rule of Civil Procedure 11(a)(1). At the heáring, the district court reiterated that it granted TVSC’s motion to dismiss because Vernon’s power of attorney had terminated at Victoria’s death. The district court further reiterated that Victoria’s estate should have brought the action, but because no probate had been fíléd, there was no real party in interest to substitute of join. Although the district court indicated the case was not necessarily frivolous and may present “a genuine dispute of some variety,” the district court found that the complaint was unreasonable and without foundation. Thus, the district court awarded attorney fees to TVSC under Idaho Code section 12-121. The district court assessed the attorney fees jointly and severally against Victoria and Vernon, as counsel.
Initially, Vernon sought to appeal both the dismissal of the ease and the award of attorney fees, but his appeal of the dismissal of the case was not timely filed. We therefore address only Vernon’s appeal of the award of attorney fees.
II.ISSUES ON APPEAL
1. Is there a real party in interest for this appeal?
2. Did the district court err in fashioning the award of attorney fees under Idaho Code section 12-121?
3. Is TVSC entitled to attorney fees on appeal?
III.STANDARD OF REVIEW
“An award of attorney fees pursuant to I.C. § 12-121 and I.R.C.P. 54(e)(1) will not be disturbed absent an abuse of discretion.” Idaho Military Historical Soc’y, Inc. v. Maslen, 156 Idaho 624, 629, 329 P.3d 1072, 1077 (2014). However, “the application of [a] procedural rule is a question of law on which we exercise free review.” Zenner v. Holcomb, 147 Idaho 444, 450, 210 P.3d 552, 558 (2009).
IV.ANALYSIS
A. Is there a real party in interest for this appeal?
We address as a preliminary matter whether there is a real party in interest for this appeal. TVSC contends this appeal should be dismissed because Victoria is deceased, and consequently, there is no real party in interest for this appeal. We disagree.
On the one hand, TVSC correctly argues there is no real party in interest to appeal the dismissal of the ease. Idaho Rule of Civil Procedure 17(a) requires that actions be prosecuted in “the name of the real party in interest.” An exception permits “a. party authorized by statute” to sue in that capacity without joining the real party interest. I.R.C.P. 17(a)(1)(H). Vernon contends he is authorized to sue on Victoria’s behalf, citing his power of attorney. We are not persuaded. A power of attorney terminates once the principal dies.[1] I.C. § 15-12-110(l)(a). Vernon’s power of attorney, therefore, terminated at Victoria’s death—roughly three months *110 before the complaint was filed. Even if Vernon had timely appealed the dismissal of the case, there would be no real party in interest for that issue.
On the other hand, TVSC incorrectly argues Victoria’s death affects whether there is a real party in interest to appeal the award of attorney fees. Idaho Appellate Rule 4 allows a “party aggrieved” by a judgment to file an appeal. We have long defined a party aggrieved “as any person injuriously affected by the judgment.” Roosma v. Moots, 62 Idaho 460, 455, 112 P.2d 1000, 1002 (1941) (citing In re Blades, 59 Idaho 682, 684, 86 P.2d 737, 738 (1939)). Because the district court assessed attorney fees jointly and severally against Victoria and Vemon, Vernon is an aggrieved party entitled to appeal the award of attorney fees. We conclude there is a real party in interest for this appeal.
Our dissenting colleagues maintain that dismissal is proper because the Notice of Appeal is insufficient under Idaho Appellate Rule 17. That rule requires a notice of appeal to “contain substantially” the information designated therein, including the appellant’s identity. LAR. 17(d). The dissent notes that the Notice of Appeal does not identify Vernon as appellant, but rather states Victoria H. Smith, “acting through Vernon K. Smith, at the time the cause of action arose, through his Durable and Irrevocable Power of Attorney, does appeal against the above-named respondents to the Idaho Supreme Court from that Judgment awarding attorney fees and costs in the above entitled action, as entered on August 28, 2014....” According to the dissent, the Notice of Appeal is insufficient because TVSC “had no way of knowing that [Vernon] was appealing on his own behalf.”
We disagree. As the dissent acknowledges, Idaho Appellate Rule 17 requires only substantial compliance. “Generally, substantial compliance does not require absolute conformity with the form prescribed in the statute, but does require a good faith attempt to comply, and that the general purpose detailed in the statute is accomplished.” In re Doe, 155 Idaho 896, 901, 318 P.3d 886, 891 (2014) (citation omitted). In this case, we conclude the Notice of Appeal substantially complies with Idaho Appellate Rule 17 because it identifies the parties and the attorney involved, and the issue raised. The Notice of Appeal clearly states one issue is raised: “Was the award of attorney fees and costs, as entered by the court, supported in fact, and law under the Statutes and Rules of Procedure in Idaho.” Contrary to the dissent’s position, the Notice of Appeal is sufficient because it represents a good faith attempt to comply with Idaho Appellate Rule 17 and, therefore, accomplishes the purposes of the rule—putting TVSC on notice of the issues raised on appeal.
Because we conclude there is a real party in interest and the Notice of Appeal is sufficient, this appeal is not subject to dismissal.
B. Did the district court err in fashioning the award of attorney fees under Idaho Code section 12-121?
We next address the district court’s award of attorney fees. We begin by deciding whether the district court erred by awarding attorney fees under Idaho Code section 12-121 without making written findings, as required under Idaho Rule of Civil Procedure 54(e)(2). ‘We have, in the past, applied rules of statutory construction in the interpretation of our rules of civil procedure.” Obendorf v. Terra Hug Spray Co., Inc., 145 Idaho 892, 900, 188 P.3d 834, 842 (2008). Idaho Rule of Civil Procedure 54(e)(2) provides: “Whenever the court awards attorney fees pursuant to section 12-121, Idaho Code, it shall make a written finding, either in the award or in a separate document, as to the basis and reasons for awarding such attorney fees.” (emphasis added). Clearly, the plain text of Rule 54(e)(2) unambiguously requires written findings for an award of attorney fees.
Even so, the absence of written findings does not constitute reversible error. The written findings requirement serves to create a clear record, “so that it might be determined whether the trial court applied the proper law to the appropriate facts.” See Pope v. Intermountain Gas Co., 103 Idaho 217, 225, 646 P.2d 988, 996 (1982). In this case, the purpose of the written findings requirement is met because the transcript *111 clearly illustrates the district court’s reasoning and the basis for the award of attorney fees. The district court reasoned that attorney fees were proper because the complaint was unreasonable and without foundation. For example, the district court explained that “a power of attorney simply does not and cannot survive the grantor. That’s just so fundamental that it is hard to find even authority that says so.” The transcript, therefore, creates a clear record, illustrates the district court’s reasoning and the basis for the award of attorney fees, and meets the purpose of the written findings requirement. Accordingly, the absence of written findings in this case does not constitute reversible error because it does not affect Vernon’s substantial rights. See I.R.O.P. 61 (“At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party’s substantial rights.”).
However, we hold that the district court committed reversible error by assessing attorney fees jointly and severally against Victoria and Vernon, as counsel. The district court awarded attorney fees under Idaho code section 12-121, which provides:
In any civil action, the judge may award reasonable attorney’s fees to the prevailing party or parties, provided that this section shall not alter, repeal or amend any statute which otherwise provides for the award of attorney’s fees. The term “party” or “parties” is defined to include any person, partnership, corporation, association, private organization, the state of Idaho or political subdivision thereof.
Nothing in Idaho Code section 12-121 permits attorney fees to be assessed against counsel. In contrast, Idaho Code section 12-123(d) specifically permits attorney fees to be assessed against counsel under certain circumstances, as it states: “An award of reasonable attorney’s fees pursuant to this section may be made against a party, his counsel of record, or both.” Similarly, Idaho Rule of Civil Procedure 11(a)(1) permits attorney fees to be assessed “upon the person who signed” a frivolous filing.[2] Therefore, we conclude the Legislature intended that Idaho Code section 12-121 not authorize an award of attorney fees assessed against counsel. See, e.g,, City of Sandpoint v. Sandpoint Indep. Highway Dist., 139 Idaho 65, 69, 72 P.3d 905, 909 (2003) (“Where a statute with respect to one subject contains a certain provision, the omission of such provision from a similar statute concerning a related subject is significant to show that a different intention existed.”).
We vacate the district court’s award of attorney fees. We remand this ease to the district court for further proceedings consistent with this opinion, which in no way limits the district court from considering all legal bases for awarding attorney fees.
C. Is TVSC entitled to attorney fees on appeal?
TVSC seeks attorney fees on appeal under Idaho Code section 12-121. “Under I.C. § 12-121, attorney fees are awarded to the prevailing party if the court is left with the belief that the proceeding was brought, pursued or defended frivolously, unreasonably, or without foundation.” Harris v. State, ex rel. Kempthorne, 147 Idaho 401, 406, 210 P.3d 86, 91 (2009). TVSC is not the prevailing party on appeal. Vernon does not request attorney fees on appeal. Therefore, neither side will be awarded attorney fees on appeal.
V. CONCLUSION
We vacate the district court’s award of attorney fees to TVSC and remand for further proceedings consistent with this opinion.
Chief Justice J. JONES and Justice HORTON concur.

. At oral argument, Vernon contended Victoria's death did not terminate his power of attorney because his power of attorney was coupled with an interest. See I.C. § 15-12-103(1). Because Vernon did not raise that argument below, we will not address it on appeal. See, e.g,, Obenchain v. McAlvain Const., Inc., 143 Idaho 56, 57, 137 P.3d 443, 444 (2006) ("[A]ppellate courts will not consider new arguments raised for the first time on appeal.”).

. Although the district court recognized Idaho Rule of Civil Procedure 11 permits attorney fees assessed against counsel, the district court erred in its Rule 11 analysis. The transcript indicates the district court declined to award attorney fees under Rule 11 because Vernon never received notice and an opportunity to respond. However, Rule 11 did not require notice and an opportunity to respond at the time of the hearing. The district court held the attorney fee hearing on July 28, 2014. But the amendment requiring notice and an opportunity to respond under Rule 11 did not become effective until July 1, 2016.