## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 45199

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: June 20, 2018 |
| Plaintiff-Appellant, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) |
| RANDALL JEROME BILLUPS, | ) |
| | ) |
| Defendant-Respondent. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Order granting motion to dismiss, reversed and case remanded.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for appellant. Kenneth K. Jorgensen argued.

R. Thomas Curl, Boise, for respondent.

---

WALTERS, Judge Pro Tem

The State appeals from the district court's order granting Randall Jerome Billups' motion to dismiss a charge of conspiracy to traffic in heroin following a reversal of his conviction. The State argues the district court erred in concluding that the absence of the word "remand" in the Court of Appeals' opinion mandated dismissal of the charge against Billups. For the reasons provided below, we reverse and remand.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In the underlying case, Billups was charged with conspiracy to traffic in heroin. Prior to trial, Billups filed a motion to suppress statements made by him and text messages obtained from his phone after he was in custody. The district court denied Billups' motion, and he proceeded to trial. The State's case-in-chief consisted of the testimony of six witnesses, including the testimony of Billups' alleged co-conspirator, and thirty-four exhibits, several of which were

1

photos of text messages from Billups' phone. At the trial's conclusion, the jury found Billups guilty, and the district court entered a judgment of conviction. Billups appealed.

On appeal, Billups did not challenge his judgment of conviction based on evidentiary sufficiency, but rather challenged only the district court's order denying his motion to suppress Billups' post-arrest statements and text messages obtained from his phone while he was in custody. Billups did not challenge any other evidence admitted at trial. In the previous appeal, this Court solely reviewed the district court's order regarding Billups' post-arrest statements and text messages after he was in custody. *State v. Billups*, Docket No. 43571 (Ct. App. Mar. 9, 2017) (*Billups I*) (unpublished). In conclusion, we stated:

> The district court erred in denying Billups' motion to suppress because Billups' illegal arrest rendered his subsequent incriminating statements and text messages inadmissible. We therefore reverse Billups' judgment of conviction for felony conspiracy to traffic heroin.

*Id.* The opinion did not contain the word "remand." A remittitur was issued, stating that the district court must "forthwith comply with the directive of the Unpublished Opinion, if any action is required."

At a status conference following the appeal, the State requested the case be set for a new trial. Billups objected and moved to dismiss, which the district court granted. In dismissing the case, the district court stated: "This is a judgment of conviction. It was reversed after trial. It was not reversed and remanded, so with that, I am going to dismiss the case and discharge the defendant." The State filed a motion to reconsider, arguing that proper application of Idaho Appellate Rule 38(c) should have resulted in the district court vacating the judgment of conviction, entering an order to suppress the pertinent evidence, and proceeding forward as if the suppression had originally been granted, which would allow for a new trial if the State elected to proceed. The district court denied the motion to reconsider, determining that it did not have jurisdiction to proceed with the case and agreed with Billups that dismissal was proper because the Court of Appeals did not "reverse and remand," rather, it merely "reversed." The State timely appeals.

## II.

## ANALYSIS

The State argues the district court ignored clear precedent in dismissing the charge and discharging Billups. The State reasons that nothing in the *Billups I* opinion precluded the case

from proceeding to a new trial. The State maintains that when faced with a case after reversal of suppression denial, a trial court has the authority to take both actions that it is specifically directed to take, as well as those which are subsidiary to the directives of the appellate court. Here, whereas a new trial was subsidiary to the relief of vacating the judgment and granting suppression, the district court erred in dismissing the charge.

Billups argues that our opinion specifically omitted the words "reversed and remanded," and therefore no direction was given to the district court to comply with other than to reverse the judgment of conviction. Further, Billups argues this Court was unambiguous in our directive. In support, Billups points to the portion of our opinion which states:

> Billups' arrest was based merely on his presence in A.H.'s vehicle. Besides his presence in the car, nothing tied Billups to the package. Billups' mere presence does not lend itself to an honest and strong presumption that Billups was guilty of any crime. An officer could not reasonably infer, based on the totality of the circumstances, that Billups was involved in criminal activity.
> . . . In sum, the totality of the circumstances does not demonstrate a probability or substantial chance that Billups was involved in *any* criminal activity. Accordingly, the detective lacked probable cause to arrest Billups before transporting Billups to the police station for questioning.

Billups argues that this is an unambiguous statement that arrest was improper and that we clearly intended to release Billups from the charge of conspiracy to traffic in heroin. He also argues that since we omitted the word remand, the requirement to "comply forthwith" was adhered to.

Generally speaking, a remittitur terminates appellate jurisdiction and reinstates the lower court's jurisdiction over a case. Remittitur is defined as "a sending back from an appellate or superior [court] to a trial or inferior court of a case and its record for further proceedings (as additional findings of fact) or for entry of a final judgment in accordance with the instructions or the decision of the appellate or superior court." WEBSTER'S THIRD INTERNATIONAL DICTIONARY 1921 (1993). Upon issuance of a remittitur, the district court is instructed to take actions that are consistent with the opinion issued by the appellate court. *See* I.A.R. 38(c).

As the district court pointed out, when a conviction is reversed, the district court must take action in order for the appellate opinion to take effect. This means that the case requires remand to the district court, at least to vacate the judgment. The issue is whether the district court was precluded from taking any other action. Idaho Appellate Rule 38(c) provides:

> When the opinion filed has become final in accordance with this rule, the Clerk of the Supreme Court shall issue and file a remittitur with the district court or administrative agency appealed from and mail copies to all parties to the appeal

3

and to the presiding district judge or chairman of the agency. The remittitur shall advise the district court or administrative agency that the opinion has become final and that *the district court or administrative agency shall forthwith comply with the directive of the opinion.*

(Emphasis added.) The application of a procedural rule is a question of law, which we review de novo. *See State v. Castro*, 145 Idaho 173, 175, 177 P.3d 387, 389 (2008); *Smith by and through Smith v. Treasure Valley Seed Co., LLC*, 161 Idaho 107, 109, 383 P.3d 1277, 1279 (2016). As I.A.R. 38(c) states in relevant part: "*the district court or administrative agency shall forthwith comply with the directive of the opinion.*" (Emphasis added.) This is a positive statement in that the district court is required to comply with the appellate directive. It does not carry with it the idea that silence likewise directs a district court, as Billups suggests. Because the opinion reversed the judgment of conviction, the directive of the opinion was for the district court to enter an order setting aside the judgment of conviction and enter an order to suppress the pertinent evidence obtained as a result of the illegal arrest.

On the first appeal, we extensively discussed the circumstances leading up to Billups' arrest and the evidence resulting from his arrest; however, we provided no discussion regarding retrial. Indeed, there is absolutely no discussion regarding untainted evidence or the sufficiency of evidence of Billups' guilt. We limited our discussion to the temporal limits of Billups' arrest, holding that, based on the totality of the circumstances, an officer could not reasonably infer that, at the time of his arrest, Billups was involved in criminal activity, and therefore there was no probable cause to justify his arrest. In *Billups I*, we made no comment pertaining to the ultimate question of whether there was sufficient evidence to convict Billups of conspiracy to traffic in heroin, as that issue was not before this Court. Likewise, we made no comment, as the State requests us to conclude, as to whether a new trial was required or warranted, but rather merely stated: "the detective lacked probable cause to arrest Billups before transporting Billups to the police station for questioning." *Id.* Accordingly, the statements made by Billups and the text messages from his phone required suppression.

Contrary to Billups' argument, our holding in *Billups I* did not establish that the words chosen by the Court were intended to preclude retrial. Rather, the holding supported a reversal of the district court's order denying suppression of the evidence obtained as a result of Billups' illegal arrest and nothing more. Additionally, Billups' reliance on the strict reading of I.A.R. 38 is not aligned with the Idaho Supreme Court's conclusion that the rule is merely the codification

4

of the law of the case doctrine. *State v. Hawkins*, 155 Idaho 69, 74, 305 P.3d 513, 518 (2013). Apart from requiring that lower courts must follow the law articulated by the higher court when dealing with cases on remand, I.A.R. 38 merely provides the means by which the appellate opinion and case is resolved and transferred back to the lower court. Regardless of a specific directive to remand the case, this Court generally reversed Billups' conviction thereby directing the district court to reverse its denial of the suppression motion. Therefore, the case was returned to its status prior to that denial.

A determination that an error was made in the pretrial stages does not address whether the evidence was insufficient to sustain a guilty verdict. *Burks v. United States*, 437 U.S. 1, 8 (1978). It solely addresses the issue of whether the evidence should have been admitted in the first instance. When an appellate court determines that evidence was admitted in error, no determination ordinarily is made as to whether the remaining admissible evidence is sufficient, which would require acquittal and/or dismissal of the charges. A reversal of a criminal conviction due to a trial error does not imply anything with respect to a defendant's guilt or innocence, nor does it constitute a decision that the State failed to prove its case. *Id.* at 15. Instead, it merely reverses the judgment, and the case stands as if the trial has not yet been held, dating back to the time the reversed order or judgment was entered. Though it may often be, as the State concedes, that without the suppressed evidence the State would have insufficient admissible evidence to proceed to a new trial, this is not a question that appellate courts are best suited to determine. The critical point at issue is whether the error on appeal was dispositive of the case in its entirety or whether the error merely addressed one aspect of the case. *See Idaho Gold Dredging Corp. v. Boise Payette Lumber Co.*, 54 Idaho 270, 275-76, 30 P.2d 1076, 1078 (1934).

Billups argues that the Court's intent to release him from both his conviction and the charges against him is present in our statement, "In sum, the totality of the circumstances does not demonstrate a probability or substantial chance that Billups was involved in any criminal activity." This statement was temporal: "the detective lacked probable cause to arrest Billups *before transporting Billups* to the police station for questioning." *Billups*, Docket No. 43571. After looking at the totality of the circumstances that existed at the time of Billups' arrest, we concluded there was not probable cause to arrest him. It does not follow that evidence did not surface later to establish probable cause that Billups committed the offense. Instead, our

conclusion was limited to the precise issue on appeal in the subsequent appeal: whether there was probable cause to arrest Billups.

Over the years, we have concluded our opinions addressing only motions to suppress in various ways; i.e., reversed, reversed and remanded, reversed with instructions, and reversed the order, vacated the judgment, and remanded. While it may be better to be consistent in our language, the different terms do not change the effect of our holding on the progression of the case. Though specific mandates may be requested of the appellate courts, we are not always in the best situation to determine the precise nature of the proceedings going forward after the remittitur is issued and the case remanded to the district court. The imperative, in determining the directive from the appellate court, is to look at what the appeal is challenging. The challenge in *Billups I* was from a motion to suppress. Billups did not challenge his conviction on the basis of insufficient evidence; rather, he challenged the suppression motion. Further, the relief requested by Billups in his reply brief from his underlying criminal appeal was that this Court "vacate his conviction and sentence, reverse the order denying his motion to suppress, and remand his case for further proceedings." Whereas that was the requested relief, we had two alternatives in our resolution of the previous appeal: (1) specifically grant the exact requested relief or (2) deny the specified relief with an explanation as to why we were providing alternative relief than that requested. As there was only one resolution requiring an explanation, and an explanation was absent in our conclusion of the previous appeal, we simply granted the precise relief which Billups requested.

With the reversal of the ruling on the suppression motion, the case properly would be returned to the district court in order to sort out where it should proceed from there. If the prosecutor determines there is sufficient evidence to proceed, a new trial may be appropriate. If, upon suppression, insufficient evidence exists, then the State would be compelled to dismiss the case. However, an appellate court is in no position to make such a determination. Rather, the determination is properly left to the lower courts.

The State is correct that an appellate opinion that reverses a judgment of conviction based on an erroneous order denying a motion is an implicit directive to grant the motion. Therefore, within our holding in *Billups I* was an implicit directive to the district court to enter an order of suppression of the evidence that was obtained as a result of Billups' illegal arrest. The remittitur provides that the district court "forthwith comply with the directive of the Unpublished Opinion,

6

if any action is required." The directive of the unpublished opinion was to reverse the judgment of conviction and enter an order suppressing the evidence obtained as a result of Billups' illegal arrest. That is the "action required." However, there is nothing in our opinion which limited the authority of the district court or stripped it of its jurisdiction over the case. The case was merely restored to the posture it would have been before the error was made. Therefore, absent a disposal of the case in its entirety by the appellate court, reversal of the judgment did not foreclose a new trial.

## III.

## CONCLUSION

The absence of the term "remand" in an appellate opinion does not preclude further trial court proceedings. If the appeal challenges a pretrial order, the case is then remanded to that pretrial status, leaving the State and the court to determine whether proceeding forward with a new trial is appropriate. The district court did not make a determination that there was insufficient evidence, but merely dismissed the case for lack of jurisdiction. This was error. The district court did not lack jurisdiction. Accordingly, the district court's grant of the motion to dismiss is reversed, and the case is remanded for further proceedings consistent with this opinion.

Chief Judge GRATTON and Judge HUSKEY **CONCUR**.