**IN THE SUPREME COURT OF THE STATE OF IDAHO**
**Docket No. 45543**

| | |
|---|---|
| VICTORIA H. SMITH, by and through her attorney in fact, VERNON K. SMITH, by and through his Durable and Irrevocable Power of Attorney, | ) ) ) ) ) |
| Plaintiff-Appellant, | ) Boise, November 2018 Term |
| | ) |
| v. | ) Filed: January 29, 2019 |
| | ) |
| TREASURE VALLEY SEED COMPANY, LLC, and DON TOLMIE, in is individual capacity, and as owner, representative and authorized agent of TREASURE VALLEY SEED COMPANY, LLC, | ) Karel A. Lehrman, Clerk ) ) ) ) ) |
| Defendants-Respondents. | ) ) |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Hon. Richard D. Greenwood, District Judge.

The judgment of the district court is _affirmed_.

Vernon K. Smith, Boise, attorney for appellant[1].

_____

BEVAN, Justice

## I. NATURE OF THE CASE

Vernon K. Smith appeals from the district court's award of sanctions. In a prior appeal in this case, we held that attorney fees could not be awarded against Smith under section 12-121 because Smith was counsel on the case, rather than a party to the case. We remanded this dispute for further proceedings to determine whether attorney fees should be awarded against Mr. Smith personally. On remand, the district court considered all options available to it and awarded attorney fees as a sanction under Idaho Rule of Civil Procedure 11, stating that the original case never should "have been brought in the fashion that it was," and that "the harm to be avoided . . .

---

[1] Richard B. Eismann represented the Respondents in proceedings below; however, the Respondents took no part in this appeal and no brief was filed on their behalf.

1

is the unnecessary expense and inconvenience of dealing with litigation [having] no legal basis." Thus, the district court found that the "conduct to be sanctioned was the fostering of litigation without legal grounds, by someone trained in the law." Smith now appeals and we affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

This case originally arose from a contract for the sale of lima beans between Victoria H. Smith ("Victoria") and Treasure Valley Seed Company ("TVSC"). *Smith by and through Smith v. Treasure Valley Seed Co.*, LLC, 161 Idaho 107, 108, 383 P.3d 1277, 1278 (2016) (*Smith I*). On December 13, 2013, Victoria's son, Vernon K. Smith ("Smith") filed a complaint against TVSC for breach of contract. *Id.* The original complaint named, as plaintiff, Victoria H. Smith, by and through her attorney in fact, Vernon K. Smith, by and through his "Durable and Irrevocable Power of Attorney." *Id.* at 108–09, 383 P.3d at 1278–79.

On March 3, 2014, TVSC learned that Victoria had died on September 11, 2013, about three months before Smith's filing of the complaint. *Id.* at 109, 383 P.3d at 1279. Based on Victoria's death, TVSC moved to dismiss the complaint, arguing that there was no longer a real party in interest. *Id.* Smith argued that he was a real party in interest because the power of attorney he drafted was irrevocable. *Id.* The district court held that Smith's power of attorney terminated on Victoria's death and held that there was no real party in interest and thus granted TVSC's motion to dismiss. *Id.*

TVSC then filed a timely memorandum of costs and requested attorney fees under Idaho Code section 12-120(3), Idaho Code section 12-121, and Idaho Rule of Civil Procedure 11(a)(1). *Id.* At the hearing for costs and fees, the district court reiterated that it granted TVSC's motion to dismiss because Smith's power of attorney terminated because of Victoria's death. *Id.* The court also stated that Victoria's estate should have brought the action, but because no probate had been filed, there was no real party in interest able to substitute or join. *Smith I*, 161 Idaho at 109, 383 P.3d at 1279. After ruling that the complaint was unreasonable and without foundation, the district court awarded attorney fees to TVSC under Idaho Code section 12-121, to be assessed jointly and severally against Victoria and Smith, as counsel. *Id.*

Smith appealed both the dismissal of the case and the award of attorney fees, but his appeal of the dismissal was not filed timely, so this Court only addressed Smith's appeal of the attorney fees. *Id.* After upholding the district court because Smith's power of attorney for Victoria terminated upon her death, we determined that Smith was not authorized to sue on his

mother's behalf, and as such he was not a party in interest for the issue of dismissal, even if Smith's appeal had been timely filed. *Id.* at 109–10, 383 P.3d at 1279–80. Even so, we held that since attorney fees had been awarded against Victoria and Smith jointly and severally, Smith was a "party aggrieved" by the judgment of the district court and was thus a real party in interest for the awarded attorney fees. *Id.* at 110, 383 P.3d at 1280. We then ruled that the district court erred in awarding attorney fees under Idaho Code section 12-121. *Id.* at 111, 383 P.3d at 1281. We so ruled because Smith was acting as counsel in pursuing the litigation; he was not a party to the case. Section 12-121 does "not authorize an award of attorney fees assessed against counsel." *Id.* We thus vacated the judgment for attorney fees, but we specifically noted that upon remand, the district court would not be limited in considering all legal bases for an award of attorney fees against Smith personally. *Id.* We even suggested that the trial court reconsider the avenues originally sought by TVSC, including Idaho Rule of Civil Procedure 11, or Idaho Code section 12-123(d). *Id.* at n.2.

At the hearing on July 17, 2017, following remand, Smith argued that TVSC had to make a new request or motion for attorney fees, to which he could object before the matter moved forward. The district court disagreed, noting that requiring TVSC to file another motion seeking fees under the current iteration of Rule 11(a)(2) "would work an injustice." The district court noted that TVSC "made a proper request for attorney fees based on Rule 11 as it existed at the time the request was made. It was the legal error of the [c]ourt that led to the fees not being granted on the grounds that counsel violated Rule 11 in bringing the case." Thus, the district court decided the matter would go forward on the original motion and record, giving Smith fourteen days to file a brief setting forth any arguments he had regarding the request for fees as originally filed on April 17, 2014. Smith filed an untimely brief and affidavit on August 3, 2017. Even though the brief was untimely, the district court considered one of Smith's arguments about the requested attorney fees. Ultimately, the district court ruled that attorney fees would be awarded against Smith personally in the amount of $15,826.50 (the amount awarded erroneously under section 12-121). The district court entered judgment accordingly on October 4, 2017. Smith timely filed an appeal on November 15, 2017.

### III. ISSUES ON APPEAL

**1.** Did this Court establish the "law of the case" regarding the power of attorney which it stated in *Smith I* terminated upon the death of Victoria H. Smith?

3

**2.**     Did the lower court err in awarding attorney fees under Rule 11?

## IV. STANDARD OF REVIEW

The "law of the case" doctrine prevents consideration on a subsequent appeal of a challenge of factual findings that were affirmed in the earlier appeal. *Rockefeller v. Grabow*, 139 Idaho 538, 543, 82 P.3d 450, 455 (2003). However, whether the "law of the case" doctrine applies is a question of law upon which this Court exercises free review. *See State v. Hawkins*, 155 Idaho 69, 71, 305 P.3d 513, 515 (2013) (reviewing the law of the case doctrine with respect to retroactive application).

The standard of review for an appellate court reviewing a trial court's imposition of sanctions under Idaho Rule of Civil Procedure 11 is one of abuse of discretion. *Flying A Ranch, Inc. v. Bd. of Cnty. Comm'rs for Fremont Cnty.*, 156 Idaho 449, 454, 328 P.3d 429, 434 (2014). In determining whether a trial court abused its discretion, this Court must review whether a four-prong standard has been met. *Lunneborg v. My Fun Life*, 163 Idaho 856, 867, 421 P.3d 187, 198 (2018). The standard asks whether the trial judge:

> (1) Correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason.

*Id.*

## V. ANALYSIS

### A.     The "law of the case" doctrine prevents this Court from addressing the issue regarding the power of attorney relied on by Smith.

 Smith argues that the trial court's decision not to analyze his legal position on remand regarding the power of attorney was erroneous. He claims that neither the district court nor this Court viewed the power of attorney before deciding that it terminated upon his mother's death. He alleges that this Court, in determining previously that fees under Idaho Code section 12-121 were inappropriate, simply mentioned the irrevocable power's termination in passing and in a footnote, making it dicta not necessary to the decision in *Smith I*. He contends that since the irrevocability of the power of attorney was not before this Court on appeal, it cannot be held that it was necessary to this Court's decision and as such, cannot be the "law of the case." He asserts that had either the district court or this Court realized the power of attorney was, in fact, irrevocable, there would be no legal basis for a court to award attorney fees to TVSC under Rule 11, because such a claim, in Smith's view, is neither frivolous nor without foundation.

4

Idaho adheres to the "law of the case" doctrine, which provides that when this Court,

> in deciding a case presented states in its opinion a principle or rule of law necessary to the decision, such pronouncement becomes the law of the case and must be adhered to throughout its subsequent progress, both in the trial court and upon subsequent appeal. This doctrine also prevents consideration on a subsequent appeal of alleged errors that might have been, but were not, raised in the earlier appeal.

*PHH Mortg. v. Nickerson*, 164 Idaho 33, 38, 423 P.3d 454, 459 (2018) (internal quotations and citations omitted).

Smith's appeal seeks to revisit issues relative to the power of attorney that this Court decided in *Smith I*. Of the three issues presented in his opening brief, all three involve at least a partial attempt to relitigate the prior determination of this Court regarding "the irrevocable power of attorney." In *Smith I*, we stated in the body of the opinion:

> Vernon contends he is authorized to sue on Victoria's behalf, citing his power of attorney. We are not persuaded. A power of attorney terminates once the principal dies. I.C. § 15-12-110(1)(a). Vernon's power of attorney, therefore, terminated at Victoria's death—roughly three months before the complaint was filed.

161 Idaho at 109–10, 383 P.3d at 1279–80.

The determination that the power of attorney terminated at the death of Smith's mother was necessary to reach the ultimate conclusion in *Smith I* that Smith was a real party in interest in the original case, at least for part of his appeal. To determine whether Smith was a real party in interest with regard to attorney fees, we had to analyze whether Victoria's death affected Smith's interest in the case at all. Although the Court determined that Smith was not a real party in interest regarding the original dismissal of the complaint, our determination that the power of attorney, irrevocable or not, had terminated upon Victoria's death, was critical to this Court's ultimate decision relative to the issue of attorney fees.

Since our holding relative to the power of attorney was necessary to the ultimate decision in *Smith I*, it is the law of the case. The "law of the case" doctrine therefore precludes Smith's attempt to relitigate these issues anew in this second appeal. *See PHH Mortg.*, 164 Idaho at 38, 423 P.3d at 459.

> Without something like it, an adverse judicial decision would become little more than an invitation to take a mulligan, encouraging lawyers and litigants alike to believe that if at first you don't succeed, just try again.

5

*Id*. (quoting *Entek GRB, LLC v. Stull Ranches, LLC*, 840 F.3d 1239, 1240 (10th Cir. 2016) (internal quotation marks omitted)).

We decline to offer Smith an opportunity for a mulligan on his arguments about the power of attorney. Thus, his attempt to relitigate the issues about the power of attorney is precluded by the law of the case.

**B.    The district court did not abuse its discretion when it awarded attorney fees under Rule 11.**

Smith argues that the district court abused its discretion in making an award of attorney fees to TVSC through Rule 11 upon remand, since in the first hearing about awarding attorney fees before the appeal in *Smith I*, the court declined to award attorney fees under Rule 11. At the hearing before the first appeal, the district judge stated:

> I am not comfortable that the procedure required by Rule 11, that is, the opportunity—the notice. . .to withdraw a pleading and get out from under the potential sanction was followed in this case…I'm going to decline to award fees under Rule 11.

Smith claims that this statement was binding upon TVSC and the district court in future actions because it was the "final decision of the lower court."

Smith also argues that Rule 11 sanctions cannot be imposed against him because procedural prerequisites were not followed by TVSC or the district court in awarding fees. He alleges TVSC needed to file a new motion requesting Rule 11 sanctions, based on the wording of the Rule as of July 1, 2016. He claims the initial motion which the district court relied on is insufficient because the district court denied Rule 11 sanctions at the original hearing regarding attorney fees. We disagree with both assertions.

First, Smith seeks to rely on the district court's erroneous reasoning in failing to award Rule 11 sanctions which was reversed by this Court in *Smith I*. We specifically noted that "the district court erred in its Rule 11 analysis" because

> Rule 11 did not require notice and an opportunity to respond at the time of the hearing. The district court held the attorney fee hearing on July 28, 2014. But the amendment requiring notice and an opportunity to respond under Rule 11 did not become effective until July 1, 2016.

*Smith I*, 161 Idaho at 111 n.2, 383 P.3d at 1281 n.2.[2]

---

[2] We note parenthetically that placement of this holding in a footnote does not make this statement dicta. It related directly to the district courts *error* in misapplying the wrong version of Rule 11.

Thus, Smith's claims are merely a regurgitation of what was argued and ruled upon by this Court previously. His attempts to relitigate this issue are therefore precluded by the "law of the case" doctrine.

Second, Smith's claim that TVSC needed to file another motion under the 2016 version of Rule 11 after remand likewise fails. Upon remand the district court noted that TVSC made a proper request for attorney fees based on Rule 11 as it existed at the time the request was made in 2014. The only reason the Rule 11 request for attorney fees was not granted by the district court at that time was because the district court committed a legal error by applying the wrong version of Rule 11 to its analysis. *See id*. The district court also recognized that to require TVSC to serve a separate motion and not file it for 21 days, per the 2016 rule, would be an exercise in futility, where the complaint had long been dismissed, with that decision affirmed in *Smith I*. We agree.

In the present case, the district court articulated that the case "should not have been brought in the fashion it was." The original filing (the complaint) was improper because the contentions contained within it were based on Smith's belief that he could proceed with the suit through his power of attorney, despite Victoria's death. Once the complaint was dismissed based on the termination of Smith's power of attorney with the death of his mother, continued pursuit of the litigation had no legal basis. As the district court aptly stated, "[t]he conduct to be sanctioned is the fostering of litigation without legal grounds by a person trained in the law."

Also, Smith's persistence in this appeal regarding the Rule 11 sanctions imposed by the district court came despite this Court's prior ruling that a new motion need not be filed to satisfy the notice requirement of Rule 11 as amended. We held that upon remand the district court was in no way limited "from considering all legal bases for awarding attorney fees." 161 Idaho at 111, 383 P.3d at 1281.

Thus, the district court did not abuse its discretion in awarding attorney fees under Rule 11. The district court correctly perceived the issue as one within its discretion, acted within the boundaries of that discretion (as evidenced by this Court's suggestion of Rule 11 sanctions in *Smith 1*), acted consistently with the legal standards provided by Rule 11 as it existed during the time the request for such was filed, and gave reasoning for doing so. We affirm the discretion of the district court in awarding attorney fees as Rule 11 sanctions.

**C.      Neither party is entitled to attorney fees on appeal.**

7

Neither Smith nor TVSC are entitled to attorney fees on appeal. In order to be entitled to attorney fees on appeal, authority and argument establishing a right to fees must be presented in the first brief filed by a party with this Court. *Kelley v. Yadon*, 150 Idaho 334, 338, 247 P.3d 199, 203 (2011). Although it is the prevailing party, TVSC did not participate in this appeal, so no fees or costs may be awarded on that basis. Further, attorney fees can only be awarded to the prevailing party. *Id.* Since Smith is not the prevailing party on appeal, he is not entitled to an award of attorney fees.

## VI. CONCLUSION

For the reasons set forth above, the judgment of the district court is affirmed. The district court did not abuse its discretion in awarding Rule 11 sanctions against Smith. We award no attorney fees or costs.

Chief Justice BURDICK, Justices BRODY, STEGNER and HORTON, CONCUR.