**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46533**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: March 2, 2020 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| BRIAN RAY McGRAW, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael J. Reardon, District Judge.

Judgment of conviction for possession of a controlled substance, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Ted S. Tollefson, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Brian Ray McGraw appeals from his judgment of conviction for possession of a controlled substance. McGraw argues that the district court lacked subject matter jurisdiction when it accepted his plea and at sentencing. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

This is the second appeal in this case. In the first appeal, we reversed the district court's order suppressing evidence discovered during a vehicle search and remanded the case for further proceedings. *State v. McGraw*, 163 Idaho 736, 741, 418 P.3d 1245, 1250 (Ct. App. 2018). The opinion stated, in relevant part, that "the district court erred in granting Killeen's and McGraw's motions to suppress and in dismissing their cases on that basis." *Id.*

1

After remand, McGraw pled guilty to possession of a controlled substance, I.C. § 37-2732(c). During sentencing, in discussing what would be the appropriate amount of credit for time served, counsel for McGraw noted the procedural posture of the case was "weird" because the district court granted an oral motion to dismiss the case after the State indicated that it could not proceed without the evidence that was the subject of McGraw's motion to suppress.[1] In response, the district court noted it set aside its order of dismissal.[2] Counsel for McGraw then noted that the remittitur did not set aside the dismissal, although he said it "would make sense that the order to dismiss be set aside." After the parties presented their sentencing arguments, the district court inquired whether there was any legal cause why judgment should not be entered. Although both parties responded, "No," the district court noted its concern over whether the State was required to refile because this Court "did not address the dismissal." Before imposing sentence, the district court requested briefing on the procedural posture of the case following remand.

Pursuant to the district court's request, the State submitted a brief arguing that it was not necessary to refile the charging document in this case following remand because, once the case was remanded, the case was reinstated to the procedural posture prior to the order granting suppression. Counsel for McGraw did not file a brief, but indicated counsel agreed with the State's legal analysis. Ultimately, the district court agreed with the State as well. The district court thereafter imposed sentence and entered a judgment of conviction. McGraw appeals.

---

[1]     There was no written order dismissing McGraw's case. Rather, both the motion to dismiss and the court's decision to grant the motion were oral. While an order granting a motion to dismiss is appealable, a written order is required in order to appeal such a determination. I.A.R. 11 (identifying appellate judgments and orders and requiring that a copy of the order or judgment be attached to the notice of appeal); I.A.R. 14(a) (an appeal may be made by filing a notice of appeal within forty-two days from the date of the filing stamp of the clerk of the court on any judgment or order of the district court). The written order appealed by the State was the district court's order granting McGraw's motion to suppress, which reads: "[T]he motion to suppress evidence is granted." The order was silent as to dismissal.

[2]     There is nothing in the record that indicates when the order of dismissal was set aside, perhaps because of the oral nature of the order in the first instance.

## II.

## STANDARD OF REVIEW

A question of jurisdiction is fundamental, cannot be ignored, and should be addressed before considering the appeal's merits. *State v. Kavajecz*, 139 Idaho 482, 483, 80 P.3d 1083, 1084 (2003). The question of subject matter jurisdiction is a question of law over which this Court exercises free review. *State v. Svelmoe*, 160 Idaho 327, 330, 372 P.3d 382, 385 (2016).

## III.

## ANALYSIS

McGraw argues that the district court erred in concluding that it had subject matter jurisdiction over this case upon remand after *McGraw*. Specifically, McGraw argues that the State had to file a new charging document before proceeding against him because our opinion in *McGraw* did not expressly set aside the district court's prior order dismissing the case.[3] The State argues that the district court correctly determined it had subject matter jurisdiction because our opinion in *McGraw* returned the case to the posture it was in prior to the order granting McGraw's motion to suppress. We hold that the district court had subject matter jurisdiction to enter judgment against McGraw on remand without the State refiling a new charging document.

Subject matter jurisdiction refers to a court's abstract power to hear cases of a certain class or character. *State v. Jakoski*, 139 Idaho 352, 355, 79 P.3d 711, 714 (2003). A court cannot enter a judgment against a defendant in the absence of subject matter jurisdiction. *See State v. Branigh*, 155 Idaho 404, 411, 313 P.3d 732, 739 (Ct. App. 2013). One way Idaho courts obtain subject matter jurisdiction over criminal cases is through the filing of an information or complaint alleging an offense was committed within the state of Idaho. *State v. Rogers*, 140 Idaho 223, 228, 91 P.3d 1127, 1132 (2004). Absent a statute or rule extending jurisdiction, a district court's jurisdiction over a criminal case terminates when a dismissal order becomes final. *State v. Johnson*, 152 Idaho 41, 47, 266 P.3d 1146, 1152 (2011). Generally, upon issuance of a remittitur from an appellate court, the jurisdiction of a district court reattaches. *State v. Billups*,

---

[3] It is unclear how McGraw can reconcile his insistence that his case was dismissed with prejudice with his assertion that the State could and was required to refile the charge against him following remand. Because we conclude that the State was not required to refile, we need not resolve this apparent inconsistency.

163 Idaho 889, 891, 421 P.3d 220, 222 (Ct. App. 2018). Under I.A.R. 38(c), district courts then have the authority to take those actions that are consistent with and necessary to comply with the appellate court's opinion. *Billups*, 163 Idaho at 891, 421 P.3d at 222; *State v. Bosier*, 149 Idaho 664, 667, 239 P.3d 462, 465 (Ct. App. 2010).

This Court's opinion in *McGraw* concluded the district court erred in granting McGraw's motion to suppress and dismissing his case on this basis. The actions consistent with and necessary to comply with our opinion required reinstating McGraw's case to its presuppression and predismissal status. *See Billups*, 163 Idaho at 892, 421 P.3d at 223 (noting that, although the appellate opinion did not include a specific directive to remand, reversal of defendant's conviction based on the conclusion that the defendant's pretrial motion to suppress should have been granted returned the case to its status prior to denial of the suppression motion). That is what occurred in this case. Nothing in our opinion in *McGraw* stripped the district court of its jurisdiction over this case. *See Billups*, 163 Idaho at 893, 421 P.3d at 224. Thus, the district court had jurisdiction to accept McGraw's guilty plea, impose sentence, and enter judgment against McGraw following our remand.

## IV.

## CONCLUSION

The district court correctly concluded that it had subject matter jurisdiction over this case upon remand after *McGraw*. Thus, McGraw has failed to show that the district court erred in entering judgment absent the State filing a new information. Accordingly, McGraw's judgment of conviction for possession of a controlled substance is affirmed.

Chief Judge HUSKEY and Judge GRATTON, **CONCUR**.