# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 51412-2023

In Re: Vernon K. Smith, Jr.,
A Vexatious Litigant, Pursuant to ICAR 59.
----------------------------------------------------
FORD ELSAESSER, Personal Representative
of the Estate of Victoria H. Smith, Deceased,

   Petitioner-Respondent,

v.

VERNON K. SMITH, JR.,

   Respondent-Appellant,

and

STEVEN J. HIPPLER, Administrative
District Judge, Fourth Judicial District,

   Real Party in Interest-Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Boise, May 2025 Term

Opinion filed: July 11, 2025

Melanie Gagnepain, Clerk

**AMENDED OPINION**
**THE COURT'S PRIOR OPINION**
**DATED JUNE 26, 2025, IS**
**AMENDED**

---

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Steven Hippler, District Judge.

The decision of the district court is affirmed.

Vernon K. Smith, Garden City, for Appellant Pro Se. Vernon K. Smith, Jr., argued.

Raúl R. Labrador, Idaho Attorney General, Boise, for Respondent. Gader Wren argued.

---

ZAHN, Justice.

Vernon K. Smith, Jr., appeals from Fourth District Administrative District Judge Steven Hippler's ("the ADJ") order declaring him a vexatious litigant. The order prevents Smith from filing new litigation, pro se, in Idaho courts without first obtaining leave of a judge of the court where the litigation is proposed to be filed. Smith appeals, arguing that the ADJ erred in declaring

Smith a vexatious litigant and that the vexatious litigant order violates his constitutional due process rights. We affirm.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

The ADJ's vexatious litigation determination arose in connection with Smith's conduct in litigation concerning the administration of Victoria H. Smith's estate. Smith is one of Victoria's children and was previously an Idaho-licensed attorney. In 1990, Victoria prepared a holographic will that left her entire estate to Smith and disinherited her other two children. *Idaho State Bar v. Smith*, 170 Idaho 534, 539, 513 P.3d 1154, 1159 (2022). Smith was the only person present when Victoria executed the will. *Id.* Following Victoria's death, Smith's brother successfully challenged Victoria's holographic will as being procured through Smith's undue influence and obtained a court order determining that Victoria died intestate. *Id.* at 541, 544, 513 P.3d at 1161, 1164. The court appointed a personal representative ("PR") for the estate and the estate has been administered as an intestate supervised administration. The handling of Victoria's estate has been highly contentious, resulting in multiple appeals to this Court. *See, e.g.*, *In re Est. of Smith*, 164 Idaho 457, 432 P.3d 6 (2018); *Smith ex rel. Smith v. Treasure Valley Seed Co.*, 161 Idaho 107, 383 P.3d 1277 (2016); *Smith ex rel. Smith v. Treasure Valley Seed Co.*, 164 Idaho 654, 434 P.3d 1260 (2019).

Subsequently, the Idaho State Bar filed a complaint against Smith, alleging that he violated the Idaho Rules of Professional Conduct in connection with actions he took related to Victoria's estate. *See Idaho State Bar*, 170 Idaho 534, 513 P.3d 1154. The disciplinary proceeding ultimately made it to this Court. *See id.* We affirmed the Idaho State Bar Professional Conduct Committee's determination, suspended Smith from the practice of law for five years, and imposed conditions that he must meet before seeking reinstatement. *Id.* at 554–56, 513 P.3d at 1174–76.

Smith thereafter made numerous pro se filings in the probate proceeding. The PR of Victoria's estate moved, pursuant to Idaho Court Administrative Rule 59(d)(3), to have Smith declared a vexatious litigant due to his submission of repeated frivolous filings. That rule provides that an administrative judge may find someone to be a vexatious litigant if that person:

> In any litigation while acting pro se, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay.

I.C.A.R. 59(d)(3). Specifically, the PR relied on six filings to support his request that Smith be declared a vexatious litigant:

2

- *Smith's petition to remove the PR*

     Smith petitioned for removal of the PR under Idaho Code section 15-3-611 for breaching a fiduciary duty owed to the heirs of the estate. The district court denied the petition after determining that Smith had argued an incorrect standard for removal and that there is no evidence to support his petition.

- *Smith's petition to remove and motion to disqualify the PR's counsel*

     Smith also petitioned for the removal of the PR's counsel under Idaho Code section 15-3-611 and claimed that the PR's counsel had also breached his fiduciary duty to the heirs of the estate. Smith later conceded that the statute did not authorize the removal of the PR's counsel. As a result, the district court struck references to removal of the PR's counsel from Smith's petition for removal.

     The day after conceding that section 15-3-611 was not a basis to remove the PR's counsel, Smith filed a motion to disqualify counsel from defending the petition for removal of the PR. He claimed that the counsel's representation of the PR would breach a fiduciary duty to Smith and be a conflict of interest.

     The district court denied Smith's motion to disqualify counsel after determining that Smith's argument was "frivolous and without merit." The district court concluded that none of Smith's legal citations supported his position, but rather Idaho law established that the PR's counsel did not owe Smith a fiduciary duty. The district court noted that the motion had no basis in law or fact and was made for the purpose of harassing the PR.

- *Smith's third motion to disqualify the district court judge*

     Smith moved to disqualify the district court judge three times. In his third motion, which he filed pro se, Smith sought to remove the district court judge, with or without cause, from hearing Smith's petition for removal of the PR. Although Smith's motion stated it would be supported by a memorandum and declarations, Smith waited nearly a month before filing them.

     The district court denied the motion after determining that the motion to disqualify without cause was both untimely under Idaho Rule of Civil Procedure 40(a) and contrary to this Court's pandemic-related emergency orders that precluded litigants from disqualifying a presiding judge without cause. The district court determined the motion was "fundamentally frivolous."

3

The district court also denied Smith's motion to disqualify for cause. It rejected Smith's arguments that the court could not decide a motion to remove a PR that it had appointed and that the court had become an interested party. The court concluded that Smith and the other heirs had stipulated to the PR's appointment and that Smith failed to present any facts demonstrating that the court was biased.

- *Smith's opposition to his brother's motion for sanctions*

Smith's brother filed a motion for sanctions against Smith concerning his third motion to disqualify the district court judge. Smith filed a response and objection to the motion for sanctions that reiterated the same arguments made in his third motion to disqualify. The district court granted the motion for monetary sanctions after determining that the third disqualification motion lacked a factual and legal basis.

- *Smith's motions and objections relating to property of the estate*

The district court entered an order prohibiting the planting of crops on the estate's property without court permission. Smith filed a motion seeking authorization to plant crops on the property. The district court denied Smith's motion. Just three days later, Smith again moved for an order to "immediately authorize planting of crops and farming" the property. The district court again denied the motion.

The district court also filed an order requiring "[a]ny and all equipment or other property previously removed" from the property to be returned within seven days. Smith filed an objection to the order on the same day it was entered. He later filed a "further objection" to the order. The record on appeal is silent concerning whether the district court took any action on the objections.

- *Smith's five notices and amended notices of appeal*

Smith filed a pro se notice of appeal from the district court's orders (1) denying Smith's petition to remove the personal representative; (2) denying Smith's motion to disqualify the district court judge; (3) granting Smith's brother's request for sanctions; (4) denying Smith's motion to disqualify the PR's counsel; and (5) denying Smith's motions to farm property of the estate. This Court struck the original notice of appeal because Smith included "Attorney at Law" under his name despite having been suspended from the practice of law. Smith subsequently filed four amended notices of appeal. This Court conditionally dismissed the first amended notice of appeal because Smith continued to

include "Attorney at Law" under his name and conditionally dismissed the fourth amended notice of appeal because the requisite fees had not been paid for preparation of the record and transcript. Smith subsequently cured the defects.

The district court concluded that the PR had presented sufficient evidence to establish that Smith's conduct met the Rule 59(d) criteria for vexatious litigation. It therefore referred the vexatious litigant claim to the ADJ pursuant to Rule 59(c). The ADJ thereafter issued Proposed Findings and Notice of Intent to Issue a Prefiling Order as required by Rule 59(e). In the proposed findings, the ADJ concluded that Smith repeatedly made unmeritorious filings and engaged in tactics that were frivolous or solely intended to cause unnecessary delay. The ADJ issued a notice of intent to issue a prefiling order that would prevent Smith from filing litigation in the courts of this state without first obtaining permission from the court.

Smith filed a response to the proposed findings and order as allowed under Rule 59(e). He argued that he did not act with the intent to cause unnecessary delay, but rather to protect his property interests. He also claimed that the ADJ's conclusions rested on an erroneous factual finding.

The ADJ was unpersuaded by Smith's response and issued a written prefiling order declaring Smith to be a vexatious litigant. The order prohibited Smith from filing any new, pro se litigation in the courts of this state without first obtaining leave of a judge of the court where the litigation is proposed to be filed. Smith timely appealed.

## II.     ISSUES ON APPEAL

1. Whether the prefiling order violated Smith's due process rights.
2. Whether the ADJ erred by declaring Smith a vexatious litigant.
3. Whether the ADJ is entitled to attorney fees on appeal.

## III.     STANDARDS OF REVIEW

"Determining a person to be a vexatious litigant is within the sound discretion of the administrative judge." *Colafranceschi v. Moody* (*In re Prefiling Order Declaring Vexatious Litigant*), 164 Idaho 771, 775, 435 P.3d 1091, 1095 (2019) (citing *Telford v. Nye*, 154 Idaho 606, 610, 301 P.3d 264, 268 (2013)). When reviewing a decision for an abuse of discretion, this Court asks whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to

5

the specific choices available to it; and (4) reached its decision by an exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

## IV.     ANALYSIS

### A.  Smith failed to preserve his due process argument for appeal.

On appeal, Smith argues that the ADJ's vexatious litigant determination infringes on his constitutional due process right to access the judicial system. The ADJ responds that Smith's constitutional due process claim is not preserved for appeal. Alternatively, he argues that Smith has been afforded adequate due process throughout the proceedings and is still able to access the judicial system to file litigation, provided Smith demonstrates that the litigation has merit and is not filed for purposes of harassment or delay.

We hold that Smith's constitutional due process claim is not preserved for appeal. "Appellate court review is limited to the evidence, theories and arguments that were presented below." *Nelson v. Nelson*, 144 Idaho 710, 714, 170 P.3d 375, 379 (2007) (quoting *Obenchain v. McAlvain Constr., Inc.*, 143 Idaho 56, 57, 137 P.3d 443, 444 (2006)). "[I]ssues not raised below will not be considered by this [C]ourt on appeal, and the parties will be held to the theory upon which the case was presented to the lower court." *Kosmann v. Dinius*, 165 Idaho 375, 386, 446 P.3d 433, 444 (2019) (first alteration in original) (quoting *State v. Cohagan*, 162 Idaho 717, 721, 404 P.3d 659, 663 (2017)).

Smith concedes that he is raising this issue for the first time on appeal. However, he argues that this Court can address the issue because the constitutional question is necessary for subsequent proceedings in the case. "[C]onstitutional issues may be considered for the first time on appeal if such consideration is necessary for subsequent proceedings in the case." *Murray v. Spalding*, 141 Idaho 99, 101, 106 P.3d 425, 427 (2005) (citing *Row v. State*, 135 Idaho 573, 580, 21 P.3d 895, 902 (2001)).

We disagree that consideration of Smith's constitutional claim is necessary for any subsequent proceedings in this case. *This* matter only concerns review of the vexatious litigant determination. Because our decision today will finally resolve this vexatious litigant matter, we will not address Smith's due process argument. *See id.* at 101–02, 106 P.3d at 427–28.

**B. The ADJ did not err by declaring Smith a vexatious litigant.**

Smith argues that the ADJ's order is based on an erroneous factual finding and penalizes Smith for exercising his rights under Idaho's probate statutes. The ADJ claims that we should not consider Smith's argument because he failed to support it with citations to the law and the record.

"This Court will not consider an issue not supported by argument and authority in the opening brief." *Neustadt v. Colafranceschi*, 167 Idaho 214, 224, 469 P.3d 1, 11 (2020) (internal quotation marks omitted) (quoting *Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010)). We agree that Smith's briefing does not contain many citations to the law or the record. However, his brief is not entirely devoid of citations. For instance, Smith cites to numerous statutes that he claims gave him a right to protect his interest as an heir of the estate and he cites to portions of the record that he claims refute some of the ADJ's factual findings. While a close call, we conclude that Smith has sufficiently supported his arguments with legal and record citations.

Turning to the merits of Smith's argument, we hold that the ADJ did not err in declaring Smith a vexatious litigant. The ADJ's written order acknowledges that the decision was a matter of discretion. The ADJ acted within the bounds of its discretion because entry of a prefiling order is permitted by Rule 59(c). The ADJ acted consistently with the applicable legal standards set forth in Rule 59(d), which expressly permitted him to enter the prefiling order:

> An administrative judge may find a person to be a vexatious litigant based on a finding that a person has done any of the following:
>
> . . . .
>
> (3) In any litigation while acting pro se, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay.

I.C.A.R. 59(d)(3).

Finally, the ADJ reached the decision through an exercise of reason. The ADJ analyzed each of the allegedly frivolous filings referenced in the PR's motion and found that Smith's (1) petition to remove the PR lacked legal or factual basis and caused unnecessary delay to the action; (2) motion to disqualify the PR's counsel lacked legal or factual basis and was made for the purposes of harassment and delay; (3) third motion to disqualify the judge in the probate matter was frivolous, unsupported, and caused unnecessary delay; (4) response to Smith's brother's motion for sanctions was unsupported by cogent legal argument; and (5) motions filed on behalf of Riverside Farms, Inc. after Smith's law license was suspended were filed in an effort to delay

the probate proceedings. However, the ADJ determined that Smith's multiple notices of appeal did not meet the rule's definition of vexatious litigation. After making the factual findings concerning the filings cited in the PR's motion, the ADJ applied the legal standards set forth in Rule 59 and concluded that Smith's repeated filing of unmeritorious papers and continued engagement in tactics that were solely intended to cause unnecessary delay constituted vexatious litigation under the rule and therefore Smith was a vexatious litigant. We hold that Smith has failed to demonstrate that the ADJ abused its discretion. Therefore, we affirm the ADJs prefiling order.

Smith argues that the ADJ failed to act consistently with applicable legal standards because there is no legal standard governing when the "*statutory rights* of an '*Interested Person*', an '*Heir*', and a *majority two-thirds (2/3rds) successor beneficiary*' . . . created and vested under the *Uniform Probate Code* can be curtailed or diminished." (Italics in original.) Smith's arguments are unpersuasive. Put simply, Smith has no statutory right to repeatedly file frivolous pleadings without any basis in fact or law and which serve no purpose other than to delay legal proceedings.

This Court has recognized that "every individual in our society has a right of access to the courts." *Eismann v. Miller*, 101 Idaho 692, 697, 619 P.2d 1145, 1150 (1980). "However, the exercise of that right cannot be allowed to rise to the level of abuse, impeding the normal and essential functioning of the judicial process." *Id.* As such, even before the Court adopted Rule 59, it acknowledged the necessity of restricting an individual's ability "to hamstring the judicial system of this state with unapproved pro se filings and related matter." *Id.*

Moreover, the prefiling order does not prevent Smith from accessing the courts of Idaho for valid purposes. The prefiling order prohibits Smith "from filing any new litigation in the courts of this state *pro se without first obtaining leave of a judge* of the court where the litigation is proposed to be filed." (Emphasis added.) Rule 59(i) sets forth the standard a judge must apply when considering a potential filing: "[a] presiding judge shall permit the filing of new litigation by a vexatious litigant subject to a prefiling order only if it appears that the litigation has merit and has not been filed for the purpose of harassment or delay." I.C.A.R. 59(i). Put simply, nothing in the prefiling order prevents Smith from filing meritorious litigation for a proper purpose.

Smith also claims that the district court erroneously found that he did not support his motion to disqualify the district court judge with a memorandum or declarations. However, Smith misreads the ADJ's order. The ADJ's prefiling order notes that Smith did not file a supporting memorandum and declarations until nearly a month after he filed the motion to disqualify: "On

February 28, 2023, . . . Smith, *pro se*, moved to disqualify the district judge in the Action. . . . This motion was unsupported by an affidavit or declaration. . . . On March 23, 2023, Smith filed a memorandum in support and declaration[.]" The record on appeal substantiates these findings and Smith does not dispute that he waited nearly a month to file the supporting materials.

For the reasons discussed, we affirm the ADJ's order declaring Smith a vexatious litigant.

**C.  The ADJ is not entitled to attorney fees on appeal.**

The ADJ seeks attorney fees under Idaho Code section 12-121, which provides for an award of attorney fees to the prevailing party in any civil action where the case was brought, pursued or defended frivolously, unreasonably, or without foundation. I.C. § 12-121. Here, although we ultimately hold that Smith's appeal is unsuccessful, we do not hold that the appeal was frivolous, unreasonable, or without foundation. Considering the nature of the interest at stake, we are not persuaded that Smith's appeal was improperly brought or pursued. *See* I.C.A.R. 59(4)(f). We therefore decline to award the ADJ attorney fees on appeal.

## V.  CONCLUSION

For the reasons set forth herein, we affirm the ADJ's prefiling order declaring Smith a vexatious litigant.

Chief Justice BEVAN, and Justices BRODY, MOELLER, and MEYER CONCUR.