# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 45451

| | | |
|---|---|---|
| IN THE MATTER OF THE ESTATE OF: ) | | |
| RUTH BIRCH, DECEASED. ) | | |
| ------------------------------------------------------ ) | | Boise, November 2018 Term |
| LINDA BAILEY, Personal Representative, ) | | |
| ) | | Opinion filed: February 8, 2019 |
| Petitioner-Respondent, ) | | |
| ) | | Karel A. Lehrman, Clerk |
| v. ) | | |
| ) | | |
| BRUCE H. BIRCH, ) | | |
| ) | | |
| Respondent-Appellant. ) | | |

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, Bonneville County, Hon. Bruce L. Pickett, District Judge.

The decision of the district court is <u>reversed and remanded.</u>

Birch Law Office, Payette, for Appellant. Michael D. Moscrip argued.

Smith, Driscoll & Associates, PLLC, Idaho Falls, for Respondent. B.J. Driscoll argued.

_____

HORTON, Justice.

Bruce Birch appeals the decision of the district court affirming a decision of the magistrate court to award attorney fees against Birch. The magistrate court awarded attorney fees to Linda Bailey, the personal representative of the estate of Ruth Birch. In this appeal, Birch argues that the magistrate court's award of attorney fees was an abuse of discretion because it did not comply with the requirements of the Idaho Rules of Civil Procedure. We reverse the decision of the district court.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

This case concerns the disposition of the estate of Birch and Bailey's mother, Ruth Birch. Ruth executed a last will and testament that intentionally omitted Birch. After Ruth's death in 2011, Bailey was appointed as the personal representative for her estate. In 2012, the magistrate

1

court approved a compromise agreement that allowed Birch and another intentionally omitted sibling to receive equal shares of the estate.

After approval of the compromise agreement, Bailey requested that Birch pay the estate's attorney fees for preparing the agreement. Birch objected, filed a motion to remove Bailey as the personal representative, and filed several other motions. On August 18, 2016, the magistrate court granted Bailey's request for attorney fees against Birch on equitable grounds "[i]n light of the multiple unsuccessful attempts by [Birch] in his repeated challenges . . . ." This first award of attorney fees in the amount of $10,314.50 was assessed against Birch's interest in the estate. On March 23, 2017, the magistrate court entered a supplemental order in which it acknowledged that it did not have the equitable power to assess fees, and instead cited Idaho Code section 15-3-720 as the basis for the award of fees.

In September 2016, Bailey filed a memorandum of attorney fees and costs claiming entitlement to a second award of attorney fees and costs against Birch in the sum of $10,665.85. Birch did not object to this memorandum. On October 20, 2016, the magistrate court entered the Estate Closing Order and Decree of Distribution (the Closing Order) which awarded the requested fees and costs. The Closing Order approved an attached Schedule of Final Distributions. Although styled as a schedule of "distributions," the schedule required Birch to pay $8,621.96 in attorney fees and costs in equal payments of $4,310.98 to his sisters, Bailey and Cheryl Simmons. The Closing Order does not identify a prevailing party, nor does it identify a statutory or contractual basis for the award of fees. The Closing Order contains no written findings regarding the merit of Birch's challenges and is silent as to whether the magistrate court considered the Idaho Rule of Civil Procedure 54(e)(3) factors when awarding attorney fees.

On appeal to the district court, Birch challenged both awards of attorney fees. As to the first award, the district court held that the magistrate court did not have the equitable power to assess the fees against Birch and the statutory ground subsequently identified by the magistrate court was not applicable. Therefore, the district court reversed the magistrate court's first award of attorney fees. Neither party challenges this decision.

As to the second award, the district court ruled that Birch had waived any challenge to the second award of attorney fees by failing to object to Bailey's memorandum of costs and fees

within fourteen days as required by Idaho Rule of Civil Procedure 54(d)(5). Birch timely appealed.

## II.    STANDARD OF REVIEW

When this Court reviews the decision of a district court sitting in its capacity as an appellate court, the standard of review is as follows: "The Supreme Court reviews the trial court (magistrate) record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. If those findings are so supported and the conclusions follow therefrom and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure."

*Bailey v. Bailey*, 153 Idaho 526, 529, 284 P.3d 970, 973 (2012) (quoting *Losser v. Bradstreet*, 145 Idaho 670, 672, 183 P.3d 758, 760 (2008)).

"The awarding of attorney fees and costs is within the discretion of the trial court and subject to review for an abuse of discretion." *Smith v. Mitton*, 140 Idaho 893, 897, 104 P.3d 367, 371 (2004).

When this Court reviews an alleged abuse of discretion by a trial court the sequence of inquiry requires consideration of four essentials. Whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason.

*Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018) (citing *Hull v. Giesler*, 163 Idaho 247, 250, 409 P.3d 827, 830 (2018)).

## III.    ANALYSIS

The primary issue presented by this appeal is whether the district court correctly affirmed the magistrate court's second award of attorney fees. In deciding this question, we consider only if the action of the magistrate court was consistent with applicable legal standards.

### A. The district court incorrectly affirmed the magistrate court's second award of attorney fees.

Birch argues that the district court erred in affirming the magistrate court's decision regarding attorney fees because the magistrate court never actually awarded attorney fees as required by Idaho Rule of Civil Procedure 54(e). Bailey responds that the magistrate's decision was not an abuse of discretion because grounds for the award existed under Idaho Code section 12-121. The district court affirmed the magistrate court's second award on the theory that

3

"[Birch] did not timely object to the memorandum of costs by filing a motion to disallow all or part of the fees and has thus waived his objection to those costs."

It is true that "[f]ailure to timely object to the items in the memorandum of costs constitutes a waiver of all objections to the costs claimed"—including attorney fees. I.R.C.P. 54(d)(5); I.R.C.P. 54(e)(6). However, the memorandum of attorney fees and costs was filed without a motion and before entry of the Closing Order. While the rules permit a party to file an early memorandum of costs, such memoranda are premature until "any time after the verdict of a jury or a decision of the court . . . ." I.R.C.P. 54(d)(4). The record contains no sign that the magistrate court had ordered the second attorney fee award to Bailey before either the memorandum or the Closing Order was filed. On appeal to the district court, Birch presented the same argument that he raises to this Court: he cannot have waived his objection to the attorney fees because the magistrate court never actually ordered an award—giving him no meaningful opportunity to object. At the hearing before the district court, Birch explained:

> So if I am bound on it to pay [the second award], how was it requested? It was not. No hearing was held. The Court didn't order it. . . . There has to be a motion. There has to be an opportunity to object. The basis has to be stated. What was the legal basis for [the second award]? Well, I don't know. Because nothing is in the record. There is no record whatsoever that I was given advance notice of the basis of that request and an opportunity to object.

In our view, this case mirrors a situation already considered by this Court in *In re Guardianship of Doe*, 157 Idaho 750, 339 P.3d 1154 (2014). There, the magistrate court denied a mother's petition to terminate a guardianship and summarily decided sua sponte that "the parties shall bear their own attorney's fees and costs." *Id.* at 757, 339 P.3d at 1161. When considering whether the appellant had waived this issue, the Court stated:

> In its order denying Mother's motion, the magistrate court wrote that "the parties shall bear their own attorney's fees and costs." Guardians argued to the district court that the magistrate court erred by summarily denying attorney fees. The district court held that the issue was improperly raised for the first time on appeal because they did not seek attorney fees before the magistrate, file any objection to the denial, or file a motion to reconsider it. In so ruling, the district court erred.
>
> In its order, the magistrate court sua sponte ruled "that the parties shall bear their own attorney's fees and costs." Prior to the issuance of the court's order, neither party could have known what the court's ruling would be and would have no basis for claiming to be the prevailing party. Once the court ruled, Guardians did not have to file a memorandum of costs or object in order to

preserve the issue for appeal. *Oakes v. Boise Heart Clinic Physicians, PLLC*, 152 Idaho 540, 544, 272 P.3d 512, 516 (2012). Likewise, Guardians did not have to file a motion for reconsideration in order to preserve the issue on appeal. *Parkside Sch., Inc. v. Bronco Elite Arts & Athletics, LLC*, 145 Idaho 176, 179, 177 P.3d 390, 393 (2008). Therefore, the district court erred in failing to vacate the magistrate court's sua sponte ruling that neither party was entitled to an award of court costs or attorney fees.

*Id*. at 757–58, 330 P.3d at 1161–62. Essentially the Guardians had not waived consideration of the attorney fees issue because the magistrate court had not properly acted on the issue and presented them with a meaningful opportunity to object. This is the precise situation presented by this appeal. As we have held: "the [trial] judge cannot award fees . . . without providing the nonmoving party with an opportunity to raise relevant facts and legal principles in its defense." *Bingham v. Montane Res. Assocs.*, 133 Idaho 420, 424, 987 P.2d 1035, 1039 (1999). By affirming on this basis, the district court erred.

We take this opportunity to emphasize that our decision today is the result of a situation where a premature memorandum of costs was filed prior to entry of a decision by the magistrate court that would entitle Bailey to an award of costs. The right to file a memorandum of costs is triggered by a jury verdict or decision of the court. Rule 54(d)(4) states in relevant part:

At any time after the verdict of a jury or a decision of the court, but not later than 14 days after entry of judgment, any party who claims costs may file and serve on adverse parties a memorandum of costs, itemizing each claimed expense.

I.R.C.P. 54(d)(4). A motion for costs is not required under this rule. In fact, it is incumbent upon the party objecting to an award of costs to file a *motion to disallow* the costs. Rule 54(d)(5) states in part: "Within 14 days of service of a memorandum of costs, any party may object by filing and serving a *motion to disallow* part or all of the costs." I.R.C.P. 54(d)(5) (emphasis added).

In this case, there was no jury verdict or decision of the court that triggered the right to file the memorandum of costs. Instead, Bailey sought the additional attorney's fees (which are considered costs under Rule 54(e)(5)), not in response to a verdict or decision signaling victory on the part of the estate, but really as a continuation of the estate's first request that Birch's share of the estate be taxed with the estate's attorney fees because of "unnecessary" litigation. In this situation, the estate needed to file a motion with the magistrate court – the same type of motion that the district court subsequently ruled was improper and which the estate does not challenge.We further note that the Closing Order does not satisfy the requirements for an award

5

of attorney fees. The Closing Order does not support the second award of attorney fees because it fails to satisfy several of the requirements of Idaho Rule of Civil Procedure 54(e). First, the Closing Order does not designate either party as the prevailing party, though this is a prerequisite to an award of attorney fees under Idaho Code section 12-121. Second, the Closing Order does not identify a statutory or contractual basis for the award of attorney fees. Third, while Bailey posits that the attorney fee award was warranted under Idaho Code section 12-121, the Closing Order does not contain a specific written factual finding to this effect as required by Idaho Rule of Civil Procedure 54(e)(2). Finally, while this Court has never required a trial court to explicitly consider all of the 54(e)(3) factors in determining a reasonable award, this applies when "the record clearly indicates that the court considered them all." *Mihalka v. Shepherd*, 145 Idaho 547, 553, 181 P.3d 473, 479 (2008) (quoting *Parsons v. Mut. of Enumclaw Ins. Co.*, 143 Idaho 743, 747, 152 P.3d 614, 618 (2007)). There is no indication from the Closing Order or the record that the magistrate court considered these factors as required. By affirming an award that did not comport with the requirements of the rules, the district court erred.

### B. Neither party is entitled to an award of attorney fees on appeal.

Birch requests attorney fees on appeal pursuant to Idaho Code section 12-121 on the grounds that Bailey has pursued and defended this case without foundation. Bailey also requests attorney fees pursuant to Idaho Code sections 12-121 and 15-8-208. Bailey is not the prevailing party on appeal and is therefore not entitled to an award of attorney fees. Although Birch is the prevailing party on appeal, "[a]n award of attorney fees under Idaho Code section 12-121 is not a matter of right to the prevailing party, but is appropriate only when this Court, in its discretion, is left with the abiding belief that the case was brought, pursued, or defended frivolously, unreasonably, or without foundation." *Seward v. Musick Auction, LLC*, 164 Idaho 149, 160, 426 P.3d 1249, 1260 (2018). We are not persuaded that Bailey has defended this appeal frivolously and decline to award attorney fees to Birch.

### IV.    CONCLUSION

We reverse the decision of the district court affirming the decision of the magistrate court and remand for further proceedings consistent with this opinion. Costs on appeal to Birch.

Chief Justice BURDICK, and Justices BRODY, BEVAN and STEGNER **CONCUR.**