IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 46852

THE LOLA L. CAZIER REVOCABLE
TRUST,

   Plaintiff-Respondent,

v.

CHARLES DRAKE CAZIER; LAND
RENEWAL MANAGEMENT, INC., an
      Idaho corporation,

   Defendants-Appellants,

And

JOHN DOES I-X,

   Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Boise, April 2020 Term

Opinion Filed: July 15, 2020

Melanie Gagnepain, Clerk

Appeal from the District Court of the First Judicial District of the State of Idaho, Kootenai County. John T. Mitchell, District Judge.

The district court's grant of summary judgment for the Trust and its evidentiary rulings are <u>affirmed.</u> The district court's attorney fee award is <u>vacated</u> and remanded for further proceedings. Costs and attorney fees on appeal are <u>awarded</u> to the Trust.

Post Falls Law, LLC, Post Falls, for Appellants. Kurt H. Schwab, argued.

Randall C. Probasco, Coeur d'Alene, Attorney for Respondent argued.

_____

BEVAN, Justice

**I. NATURE OF THE CASE**

This case presents a dispute over a parcel of land. The Lola L. Cazier Revocable Trust ("Trust")[1] commenced a quiet title action against Charles Drake Cazier ("Drake") and Land Renewal Management, Incorporated ("LRM") pursuant to Idaho Code section 6-401. Drake answered separately from LRM and asserted a counterclaim against the Trust. The Trust moved to dismiss Drake's counterclaim under Idaho Rule of Civil Procedure ("I.R.C.P.") 12(b)(6) and then filed a motion for summary judgment against both defendants. LRM also filed a motion under I.R.C.P. 12(b)(6) to dismiss the Trust's cause of action against it. The district court granted summary judgment to the Trust and dismissed Drake's counterclaim, awarding attorney fees against both defendants in the process.

Drake and LRM appeal, arguing the district court erroneously dismissed Drake's counterclaim and failed to properly dismiss LRM from the case. Drake and LRM also appeal the district court's award of fees and costs, arguing several evidentiary errors and that the district court abused its discretion in awarding attorney fees. We affirm the district court's grant of summary judgment for the Trust and we affirm the district court's evidentiary rulings. We vacate the attorney fee award and remand for further proceedings consistent with this opinion.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In February 1999, Dell and Lola Cazier executed an agreement ("the Agreement") with LRM[2] to sell LRM four parcels of land in Kootenai County, Idaho. The Agreement provided "[LRM] agrees to purchase within [two] years the remaining parcel [three]" for $7,200 cash. Before the sale of parcel three was accomplished, Dell Cazier passed away leaving all property to his wife, Lola. After her husband's death, Lola created the Trust. LRM failed to complete the purchase of parcel three by the Agreement's specified deadline of February 2001. As a result, Lola then conveyed parcel three to the Trust in 2002.

---

[1] When referencing the Trust as a party, this opinion will use the capitalized form of the word "Trust." When calling the trust a legal agreement between the grantor and beneficiaries, this opinion will use the lowercase form of the word, "trust."

[2] LRM is a corporation in which Drake has signed documents relevant to this appeal as the CEO and Owner. Drake signed the Agreement as an officer of LRM, not as an individual.

The terms of the trust were amended multiple times. Relevant to this appeal is the Third Amendment to the Trust ("Third Trust Amendment") accomplished in December 2009. The Third Trust Amendment dealt with parcel three and explained how it was to be divided among the trust's beneficiaries. Upon Lola's death, one-half was to be distributed to Lola's daughter, Cheryl Witkowski, who was also named successor trustee. The other half was to be distributed as follows:

> The remaining undivided one-half interest (1/2) shall be distributed in equal shares to KATHY DELL TRACY, MERRILL DEAN CAZIER, MELANIE R. THOMPSON, and KIMBERLY D. HOWARD, provided, however, that the share of KIMBERLY D. HOWARD shall be reduced by any amounts she may owe her siblings at time of Grantor's death, and said amounts shall be added to the share of the sibling or siblings she owes.

The Third Trust Amendment specifically excluded Drake: "Grantor is intentionally leaving nothing to Charles Drake Cazier or his children."

Lola passed away in February 2017. Soon after, Drake recorded an affidavit in Kootenai County asserting a right to purchase parcel three. Attached to the Drake's affidavit was the Agreement between the Caziers and LRM. After discovering Drake's affidavit, the Trust commenced a quiet title action against Drake and LRM and sought a declaratory judgment from the district court holding that Drake and LRM "have no right, title, or interest in and/or to the [t]rust parcel, including, but not limited to any option or right to purchase said parcel."

Drake answered and asserted a counterclaim against the Trust. LRM answered separately. The Trust first moved to dismiss Drake's counterclaim pursuant to I.R.C.P. 12(b)(6). Soon after, the Trust moved for summary judgment on its own claims. Drake and LRM opposed the Trust's motion for summary judgment and LRM moved to dismiss pursuant to I.R.C.P. 12(b)(6). LRM argued in its memorandum opposing summary judgment and in support of its motion to dismiss that the district court should dismiss the action against it because LRM had assigned all its rights to Drake during the litigation and thus it had no interest in parcel three.

The district court heard arguments regarding all pending motions. Ruling from the bench, the court granted summary judgment for the Trust, finding any rights Drake or LRM had under the Agreement expired in 2001. The court also found the

defense was unreasonable and frivolous because neither Drake nor LRM disclaimed their alleged interest in the property, despite the statute of limitations expiring over ten years before the action commenced. The court also dismissed Drake's counterclaim for failure to state a claim upon which relief could be granted.

After the district court entered judgment for the Trust, the Trust submitted its memorandum of costs and declaration of fees. Drake and LRM jointly objected to attorney fees and costs.[3] Attorney Kurt Schwab submitted an affidavit in support of the objection to fees and costs. The Trust moved to strike portions of Schwab's affidavit as hearsay. The district court heard arguments on the motion to strike and on the merits of awarding attorney fees and costs. The court granted the Trust's motion to strike and found fees and costs warranted under Idaho Code section 12-121. The district court entered an amended judgment that included $19,333.37 in fees and costs for the Trust. Drake and LRM timely appealed.

## III. ISSUES ON APPEAL

1. Whether the district court erred in granting summary judgment for the Trust?
2. Whether the district court abused its discretion in making its evidentiary rulings?
3. Whether the district court abused its discretion in awarding attorney fees to the Trust?
4. Whether either party is entitled to attorney fees on appeal?

## IV. STANDARD OF REVIEW

"This Court reviews *de novo* both Rule 12(b)(6) dismissal orders and Rule 56 summary judgment grants." *Paslay v. A&B Irrigation Dist.*, 162 Idaho 866, 868, 406 P.3d 878, 880 (2017). "When reviewing an order for summary judgment, the standard of review used by this Court is the same standard used by the district court in ruling on the motion." *Van v. Portneuf Med. Ctr.*, 147 Idaho 552, 556, 212 P.3d 982, 986 (2009).

> This Court must construe the record in the light most favorable to the party opposing the motion, drawing all reasonable inferences in that party's favor. If reasonable people could reach different conclusions or

---

[3] Until this point in the litigation, Drake was representing himself pro se and Kurt Schwab represented LRM. On February 20, 2019, a substitution of counsel was filed listing Schwab as Drake's attorney also.

inferences from the evidence, the motion must be denied. However, the nonmoving party must submit more than just conclusory assertions that an issue of material fact exists to withstand summary judgment. A mere scintilla of evidence or only slight doubt as to the facts is not sufficient to create a genuine issue of material fact for the purposes of summary judgment. Instead, the nonmoving party must respond to the summary judgment motion with specific facts showing there is a genuine issue for trial.

*McGimpsey v. D&L Ventures, Inc.*, 165 Idaho 205, 210, 443 P.3d 219, 224 (2019).

"This Court reviews challenges to a trial court's evidentiary rulings under the abuse of discretion standard." *Perry v. Magic Valley Reg'l Med. Ctr.,* 134 Idaho 46, 50, 995 P.2d 816, 820 (2000). Similarly, "[t]he awarding of attorney fees and costs is within the discretion of the trial court and subject to review for an abuse of discretion." *Matter of Est. of Birch*, 164 Idaho 631, 633, 434 P.3d 806, 808 (2019) (quoting *Smith v. Mitton*, 140 Idaho 893, 897, 104 P.3d 367, 371 (2004)). When this Court reviews an alleged abuse of discretion, this Court asks whether the district court: "(1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason." *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

## V. ANALYSIS

Drake and LRM argue that the district court's grant of summary judgment for the Trust was erroneous. According to Drake and LRM, the district court erred by dismissing Drake's counterclaim and denying LRM's motion to dismiss. Drake and LRM also argue the district court made several evidentiary errors, such as permitting the Trust's spendthrift argument and striking portions of Schwab's affidavit as inadmissible hearsay. Finally, Drake and LRM argue the district court abused its discretion by awarding attorney fees to the Trust. For the reasons discussed below, we affirm the district court's grant of summary judgment for the Trust and affirm the district court's evidentiary rulings. However, we vacate the district court's attorney fee award and remand for further proceedings consistent with this opinion

5

**A.** **The district court did not err in granting summary judgment to the Trust.**

> 1. The district court properly dismissed Drake's counterclaim pursuant to I.R.C.P. 12(b)(6).

"[T]his Court will make every intendment to sustain a complaint that is defective, e.g., wrongly captioned or inartful, [however], a complaint cannot be sustained if it fails to make a short and plain statement of a claim upon which relief may be granted." *Brown v. City of Pocatello*, 148 Idaho 802, 807, 229 P.3d 1164, 1169 (2010) (quoting *Gibson v. Ada Cnty. Sheriff's Dep't*, 139 Idaho 5, 9, 72 P.3d 845, 849 (2003)).

> Although a complaint need not identify the statutory basis for relief nor include a formal statement of the cause of action being pursued, there must be *some* indication of the theory of recovery supporting the relief sought—a naked recitation of the facts alone is insufficient. Without a clear and concise statement sufficient to place a reasonable attorney on notice of the plaintiff's *theories* of recovery that must be defended against, whether in the body of the complaint or in the prayer for relief, it cannot be said that a cause of action was sufficiently pled. Even under the liberal notice pleading standard, a complaint must reasonably imply the theory upon which relief is being sought.

*Id.* at 808, 229 P.3d at 1170 (emphasis in original). "[A]s a practical matter, a dismissal under Rule 12(b)(6) is likely to be granted . . . [where] the plaintiff includes allegations showing on the face of the complaint that there is some insurmountable bar to relief." *Emp'rs Res. Mgmt. Co. v. Ronk,* 162 Idaho 774, 777, 405 P.3d 33, 36 (2017).

Drake and LRM argue that the trial court erred in granting summary judgment against Drake on his counterclaim. The district court considered the allegations set forth in the counterclaim and, construing the allegations against the Trust, ruled at oral argument that the counterclaim failed to state a cause of action on which relief could be granted. The district court declined to "issue a written decision on this because it is so straightforward." The district court stated: "I find the dismissal of the counterclaim is appropriate, that it doesn't state a cause of action against the [T]rust. I'll leave it at that." Although the district court was scant in its reasoning, this Court reviews "*de novo* both Rule 12(b)(6) dismissal orders and Rule 56 summary judgment

6

grants." *Paslay*, 162 Idaho at 868, 406 P.3d at 880. Thus, this Court asks whether a claim for relief has been stated in Drake's pleading after viewing all facts and inferences from the record in his favor as the non-moving party. *Id.* at 868–69, 406 P.3d at 880–81.

The counterclaim does not state any viable claim against the Trust for which relief may be granted. Its primary allegations focus on two points. First, while acknowledging that he is not a beneficiary of the Trust, Drake alleges that the beneficiaries have not received information from the trustee and that the trustee should be ordered to sell parcel three to Drake at a discounted price. Second, he asserts that his sister "Kimberly [presumably a beneficiary of the trust] owes Drake money" making Drake a creditor of the trust, thereby entitling him to pursue recovery from the trust for any money Kimberly owes him. In the "Requested Relief" section of his pleading, Drake does not mention the alleged debt owed him by Kimberly, but he asserts that, as "a creditor of the trust," he would have the court order (1) "the trustee to provide documentation and accounting of the trust," and (2) "sell [parcel three] to Drake."

As to Drake's first contention that he is entitled to receive notice and an accounting of the trust, Drake has no basis to make such a claim. He is not a trust beneficiary, and has been explicitly excluded as such. The trust states: "Grantor is intentionally leaving nothing to Charles Drake Cazier . . . ." Thus, Drake has no interest in and no basis to seek an accounting from a trust in which he is not a beneficiary. Drake has no right to seek equitable relief from the court requiring an accounting or documentation from the Trust in any form.

As to any claim against the Trust because one of its beneficiaries allegedly owes Drake money, he again has no claim upon which relief may be granted. First, the trust contains a spendthrift provision[4] that provides:

> No title in the trust or trusts created in this instrument or in any property at any time becoming a part of any such trust, or in the income therefrom, shall vest in any beneficiary, other than Grantor, and neither the principal nor the income of any such trust estate shall

---

[4] Drake contends that the district court erred by allowing the Trust to argue the defense of this provision below. He has waived such an argument on appeal as discussed below, section B.1.

> be liable to be reached in any manner by the creditors of any beneficiary, and no beneficiary, other than Grantor, shall have any power to sell, assign, transfer, encumber, or in any other manner to anticipate or dispose of his or her interest in any such trust estate, or the income produced thereby, prior to the actual distribution by the Trustee to the beneficiary.

Spendthrift trust provisions are viable under Idaho law. *See* I.C. § 15-7-502(1). "A settlor may provide in the terms of the trust that the interest of a beneficiary in the income or in the principal or in both may not be voluntarily or involuntarily transferred before payment or delivery of the interest to the beneficiary by the trustee." *Id.*

Secondarily, even if Drake bases his claim against the Trust under the provision in the Third Trust Amendment requiring any share owed to Kimberly Howard be "reduced by any amounts she may owe her siblings at time of Grantor's death," this provision only applies to beneficiaries of the trust, and Drake is not one. The clear mandate of the Third Amendment states that if Kimberly owed money to her siblings *who were beneficiaries of the trust* when the trust assets were distributed, her debt would be paid by taking money from her share and adding it to "the share of the sibling or siblings she owe[d]." Drake has no share under the trust, and any alleged debt owed him by Kimberly is independent of the trust. Drake has no right to recover anything from trust assets, whether coming to Kimberly or anyone else. Thus, the district court properly dismissed his counterclaim. *See Emp'rs Res. Mgmt. Co.,* 162 Idaho at 777, 405 P.3d at 36. By dismissing Drake's counterclaim, the district court properly found that Drake had no claim to parcel three, and, thus, properly granted summary judgment against Drake on the merits of the Trust's complaint.

2. The district court properly granted summary judgment against LRM because LRM had no right to dismissal under I.R.C.P. 12(b)(6).

As noted above, the standard of review by this Court for reviewing a 12(b)(6) motion is the same as that applicable to motions for summary judgment under I.R.C.P. 56. *See Young v. City of Ketchum,* 137 Idaho 102, 104, 44 P.3d 1157, 1159 (2002). "[T]he non-moving party is entitled to have all inferences from the record viewed in his favor." *Id.* Only after the proper inferences are drawn are the motions treated differently; a 12(b)(6) motion looks only at the pleadings to determine

8

whether a claim for relief has been stated while a motion for summary judgment looks to the evidence to see if there are any issues of material fact and whether "the moving party is entitled to judgment as a matter of law." *Id.* Under these principles, all inferences were drawn in favor of the Trust, the nonmoving party. On LRM's 12(b)(6) motion, this Court need only review the pleadings to determine whether a claim for relief against the Trust had been stated.

At the hearing on summary judgment and LRM's motion to dismiss, counsel for LRM repeatedly argued it had no interest in parcel three and at no time alleged an interest in parcel three. Such statements are contradicted by the record. The Trust's complaint sought a quiet title action under Idaho Code section 6-401 against both Drake and LRM. The complaint alleged Drake's affidavit improperly clouded title to parcel three because Drake asserted he had a right to purchase that parcel pursuant to the Agreement between the late Caziers and LRM. Thus, from the outset, LRM was a necessary party to the litigation; the district court could not remove the cloud on title of parcel three without determining whether LRM, an original party to the Agreement, had any interest in parcel three. *See* I.R.C.P. 19(a)(1)(A) ("A person who is subject to service of process must be joined as a party to the action if: . . . in that person's absence, the court cannot accord complete relief among existing parties.").

Although it was a necessary party, LRM could have removed itself from the case and avoided costs against it in two ways. LRM could have allowed default to be entered against it or it could have disclaimed in its answer any alleged interest that it might have had in parcel three. *See* I.C. § 6-402 ("If the defendant in such action disclaim[s] *in his answer* any interest or estate in the property, or suffer[s] judgment to be taken against him without answer, the plaintiff can not recover costs.") (emphasis added). LRM chose not to avail itself of Idaho Code section 6-402. In fact, not only did LRM fail to disavow any interest in its answer, LRM specifically asked the court to enter judgment in its favor, pleading that LRM "retain[ed] an interest in [parcel three]." A party is entitled to the relief section 6-402 provides only when the party does not answer or clearly disclaims any interest *in its answer*. Having done neither, it was proper for the district court to hold the Trust stated a valid claim for quiet title against LRM and deny LRM's motion for dismissal under I.R.C.P.

9

12(b)(6). Thus, we hold the district court did not err by denying LRM's motion to dismiss and by granting summary judgment against it. LRM was necessary to the litigation based on the Agreement and LRM failed to disclaim its alleged interest created by the Agreement that clouded title of parcel three.

**B.**     **The district court did not abuse its discretion by permitting the Trust's spendthrift defense or by striking portions of Attorney Kurt Schwab's affidavit for inadmissible hearsay.**

Drake and LRM argue the district court made several evidentiary errors below that warrant reversal. Drake and LRM argue the district court erred by overruling their objection to the Trust asserting the spendthrift clause as a defense at the summary judgment hearing because it was not raised in accordance with procedures set forth by I.R.C.P. 56. Drake and LRM also argue the district court erred by striking portions of Schwab's affidavit as inadmissible hearsay. According to Drake and LRM, the statements within the affidavit were admissible under Idaho Rules of Evidence ("I.R.E.") 803(1) and 803(24). Drake and LRM also argue that even if the statements were inadmissible hearsay, either the rules of evidence do not apply to hearings regarding attorney fees or the hearing conducted by the court did not amount to an evidentiary hearing. We resolve both of these issues as set forth below.

1.  Drake and LRM's waived their objection to the Trust's spendthrift defense.

"This Court disregards errors made on evidentiary rulings unless the rulings were a manifest abuse of the trial court's discretion and affected the party's substantial rights." *Harrentsian v. Hill*, 161 Idaho 332, 340, 385 P.3d 887, 895 (2016). "A party may move for summary judgment, identifying each claim or defense, or the part of each claim or defense, on which summary judgment is sought." I.R.C.P. 56(a). A party moving for summary judgment must support any defenses by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials." I.R.C.P. 56(c)(1)(A). The court must consider all cited materials in the motion for summary judgment but "it may [also] consider other materials in the record." I.R.C.P. 56(c)(3). If a party

10

disagrees with any materials cited, the party may object that the material is not admissible. I.R.C.P. 56(c)(2).

Drake and LRM claim that the Trust's argument at the hearing for summary judgment on the spendthrift clause in the trust agreement caught them by surprise and the argument should have been "struck." We hold that the district court did not abuse its discretion in allowing the argument.

Drake introduced the trust into the record in his initial pleading in the case. Even so, counsel for LRM objected at the hearing, arguing the trust agreement was not in evidence. The district court overruled the objection, finding the trust was properly before the court. Counsel for LRM then responded: "[i]f the trust is included [in the record], that's fine with us. We hadn't seen . . . that [it] was accepted, so if that's now before the [c]ourt and accepted as part of the documents for this hearing, that's – we're okay." We hold Drake and LRM waived any argument on appeal about their objection below because they acknowledged that the trust was before the court and were "fine" and "okay" with the trust being part of the record. *See Hansen v. Roberts*, 154 Idaho 469, 299 P.3d 781 (2013). Since the trust agreement was properly in the record, the district court did not abuse its discretion in allowing counsel for the Trust to argue from its terms, nor did the court err in applying its provisions in ruling against Drake and LRM.

> 2. The district court did not abuse its discretion by striking portions of Schwab's affidavit as inadmissible hearsay.

This question is generally governed by the Idaho Rules of Civil Procedure. Rule 54(d)(4) requires the party seeking costs after a verdict or a decision of the court, to "file and serve on adverse parties a memorandum of costs, itemizing each claimed expense." It is further required that counsel submitting the memorandum attest that "to the best of the party's knowledge and belief the items are correct and that the costs claimed are in compliance with th[e] rule." *Id*. Such a memorandum should thus take the form of a declaration,[5] pursuant to I.R.C.P. 2.7 and Idaho Code

---

[5] A declaration may also be made by affidavit. *See* I.R.C.P. 2.7 (incorporating Idaho Code section 9-1406, which provides that an unsworn certification or declaration is equivalent to an affidavit sworn, under oath). For purposes of this opinion, a declaration may be made by unsworn statement, as set forth in the statute, or by an affidavit.

section 9-1406. The memorandum may also be accompanied by a separate declaration or affidavit. In cases when an award of attorney fees is sought, it is incumbent upon the attorney signing the cost memorandum (declaration) to establish any of the relevant twelve factors of I.R.C.P. 54(e) for the court to "consider." I.R.C.P. 54(e)(3)(A)-(L). The party opposing such an award has fourteen days to "object by filing and serving a motion to disallow part or all of the costs." I.R.C.P. 54(d)(5). Such a motion does not take the form of an affidavit or declaration.

Thus, the Rules mandate that trial courts make cost determinations based upon declarations filed by the counsel seeking a fee or cost award. Given this mandate, the Idaho Rules of Evidence do not apply to documents filed regarding an award of attorney fees or costs that contain statements regarding the reasonableness, necessity or amount of costs or attorney fees incurred in a litigation. Thus, the hearsay rules do not proscribe a court's ability to scrutinize the declarations in making these fact-intensive reviews – even though those facts are technically contained in an out-of-court statement subject to I.R.E. 801. We thus hold that the out-of-court statements contained in declarations supporting or in opposition to an attorney fee or cost award are fully admissible, insofar as they meet the strictures of I.R.C.P. 54(d), and speak to whether the "costs claimed are [or are not] in compliance with th[e] rule." I.R.C.P. 54(d)(4). As a result, statements that reference the reasonableness, necessity, mode of billing and/or amount of such costs come within Rule 54(d) and are admissible.

The question raised here, however, is whether statements that go beyond the strictures of Rule 54(d) are likewise admissible, even if hearsay. To the extent that such declarations or affidavits include hearsay statements that go beyond the nature, amount or reasonableness of attorney fees or costs, those statements remain subject to the limits of I.R.E. 801. Thus, when counsel include facts concerning extraneous matters, such as discussions between counsel during the litigation, the rules of evidence apply to the same extent that they would apply to any other affidavit. I.R.E. 801(c); *see also* I.R.C.P. 56(c)(4) (explaining affidavits in support of summary judgment must "set out facts that would be *admissible in evidence*, and show that the affiant or declarant is competent to testify on the matters stated."). Applying these

12

standards to the issue before us, the district court did not abuse its discretion in striking certain statements from the affidavit of Drake and LRM's counsel.

The offending statements that the district court struck from the record are as follows:

> 9. As part of the [telephone] discussion I requested that [Trust's counsel] release LRM from the case and allow a dismissal of LRM.
> . . . .
> 11. . . . I again called [Trust's counsel]. I let him know that Post Falls Law would be appearing for LRM. I requested again that LRM be dismissed from the case. The request was denied.
>
> 12. At this time, [Trust's counsel] and I discussed if an assignment might assist in having LRM dismissed from the case. After discussion I was under the impression that an assignment may assist in having LRM dismissed from the case.

Drake and LRM maintain that if the hearsay rules apply, the district court still abused its discretion by striking these portions of their counsel's affidavit as inadmissible hearsay. They argue that the statements are admissible under hearsay exceptions found in Idaho Rules of Evidence 803(1) and 803(24). Neither exception is applicable here.

Rule 803(1) provides "[t]he following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness: (1) Present Sense Impression. A statement describing or explaining an event or condition, made while or immediately after the declarant perceived it." I.R.E. 803(1). "The rationale justifying the exception is that the immediacy of the statement offers no opportunity for fabrication." *E. Side Hwy. Dist. v. Delavan*, No. 45553, 2019 WL 6724484 *1, *8 (Idaho, Dec. 11, 2019) (citing Fed. R. Evid. 803(1) advisory committee note). Rule 803(1) "recognizes that in many, if not most, instances precise contemporaneity is not possible and hence a *slight* lapse is allowable." Fed. R. Evid. 803(1) advisory committee note (emphasis added). However, time lapses as "slight" as forty-five minutes have been considered too long to invoke the protection of I.R.E. 803(1). *See State v. Woodbury*, 127 Idaho 757, 762, 905 P.2d 1066, 1071 (Ct. App. 1995) (Walters, J., concurring) (citing *U.S. v. Cruz*, 765 F.2d 1020, 1024 (11th Cir. 1985) ("Testimony in this case indicated that Hansen's statement to Officer Knight was

made about forty-five minutes after the attack. This time span does not qualify as 'immediately' after the event.").

Here, the phone calls referenced in paragraph nine occurred on September 18, 2018; those referenced in paragraph twelve occurred on October 11, 2018. Drake and LRM's counsel relies on the dates set forth in Trust counsel's billing as the basis for his knowledge about when the conversations occurred, which takes them far from a "present sense impression." In addition, the timeframe when the calls occurred is the converse of slight. The affidavit was filed on February 21, 2019, four to five months after the two conversations occurred. Thus, the hearsay statements in both paragraphs are not "present sense" impressions and it would be erroneous to apply I.R.E. 803(1) in such circumstances. The district court did not err in so ruling.

Drake and LRM next rely on I.R.E. 803(24). According to Drake and LRM, the statements contained in all three paragraphs at issue satisfy the Rule because they were trustworthy, they were offered as material facts about the reasonableness of the fees, they were more probative than other evidence that could have been offered, and admitting the statements fulfills the purpose of providing information on the reasonableness of the fees.

I.R.E. 803(24) is known as the "catch-all" exception in the hearsay rules. It provides:

> A statement not specifically covered by any of the foregoing exceptions [is not excluded by the rule against hearsay] if:
> i. The statement has equivalent circumstantial guarantees of trustworthiness[;]
> ii. it is offered as evidence of a material fact;
> iii. it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and
> iv. admitting it will best serve the purposes of these rules and the interests of justice.

Such statements are admissible only if "the proponent gives an adverse party reasonable notice of the intent to offer the statement and its particulars" before the trial or hearing. I.R.E. 803(24)(B). There is no indication in the record that Schwab ever gave that notice to the opposing side in this case.

14

Even so, the district court did not abuse its discretion in determining that the statements in Schwab's affidavit did not meet the criteria of I.R.E. 803(24). Drake and LRM argue attorney fees should not be awarded because it was the Trust that would not let LRM out of the case after LRM assigned its interest to Drake. Thus, they argue the statements were evidence of a material fact in that they explained the discussions between counsel about LRM's assignment of its interest to Drake and how that assignment would have changed the course of proceedings. That said, the affidavit does not present any circumstantial guarantees of trustworthiness, does not show that this evidence was more probative than other admissible evidence, or that admitting the evidence would best serve the purpose of the rules of evidence. Thus, the district court applied the appropriate legal standard to this discretionary decision and we hold the court did not abuse its discretion by striking paragraphs nine, eleven and twelve of the affidavit as inadmissible hearsay.

In making this ruling, we are cognizant of the need to avoid constant wrangling over whether a statement is or is not hearsay in an attorney's declaration regarding attorney fees. To avoid that wrangling, the rule we clarify today establishes a test rooted in the rules of civil procedure and the need to properly inform the trial court. The rule continues to grant trial judges *wide discretion* to apply the rule in these cases. The demarcation established by the facts here sets the parameters for exercising that discretion with reason. *See Lunneborg*, 163 Idaho at 863, 421 P.3d at 194.

## C. The district court abused its discretion by awarding attorney fees without making written findings.

Drake and LRM argue the district court's attorney fee award to the Trust was an abuse of discretion because the district court did not issue written findings explaining its basis for the award and the award was unreasonable. We agree. Therefore, we vacate the district court's award and remand for further review consistent with this opinion. *See Valiant Idaho, LLC v. VP Inc*., 164 Idaho 314, 334–35, 429 P.3d 855, 875–76 (2018).

The awarding of attorney fees and costs is discretionary and will be disturbed only if there is a clear showing that the district court abused its discretion. *See Est. of*

15

*Birch*, 164 Idaho at 633, 434 P.3d at 808. When this Court reviews an alleged abuse of discretion, this Court asks whether the district court: "(1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason." *Lunneborg*, 163 Idaho at 863, 421 P.3d at 194.

Pursuant to a contract or statute, "[i]n any civil action the court may award reasonable attorney fees . . . to the prevailing party or parties." I.R.C.P. 54(e)(1). If a court grants attorney fees, it must consider these factors:

> (A) the time and labor required; (B) the novelty and difficulty of the questions; (C) the skill requisite to perform the legal service properly and the experience and ability of the attorney in the particular field of law; (D) the prevailing charges for like work; (E) whether the fee is fixed or contingent; (F) the time limitations imposed by the client or the circumstances of the case; (G) the amount involved and the results obtained; (H) the undesirability of the case; (I) the nature and length of the professional relationship with the client; (J) awards in similar cases; (K) the reasonable cost of automated legal research . . . if the court finds it was reasonably necessary in preparing a party's case; (L) any other factor which the court deems appropriate in the particular case.

I.R.C.P. 54(e)(3)(A)–(L). When an award is made under Idaho Code section 12-121, the "finding must be in writing and include the basis and reasons for the award." I.R.C.P. 54(e)(2); *Smith by and through Smith v. Treasure Valley Seed Co., LLC*, 161 Idaho 107, 110, 383 P.3d 1277, 1280 (2016) (explaining Rule 54(e)(2) unambiguously requires written findings for an award of attorney fees under section 12-121).

It is clear from the record that the district court recognized its decision in awarding fees was discretionary. *See Valiant,* 164 Idaho at 333, 429 P.3d at 874. ("Although the district court did not explicitly state this was a discretionary matter— it is clear from the record that the district court recognized the award . . . as one of discretion."). Additionally, the district court acted within the boundaries of its discretion by stating its authority for awarding fees as I.R.C.P. 54(e) and Idaho Code section 12-121. *Id.* At the hearing on summary judgment, the district court explained "[t]he defendant [LRM] can't seek any relief under 6-402 and is responsible for costs

and fees, and I do find that fees are warranted. I find that the defense in this case has been unreasonable and frivolous." Additionally, at the hearing on attorney fees, the district court referenced I.R.C.P. 54(e) when discussing its decision in awarding fees.

Even so, we hold the district court abused its discretion because it did not act consistently with the legal standards applicable to the specific choices available to it. Rule 54(e)(2) provides that "attorney fees under Idaho Code Section 12-121 may be awarded by the court only when it finds that the case was brought, pursued or defended frivolously, unreasonably or without foundation, *which finding must be in writing* and include the basis and reasons for the award." (Emphasis added). While we have once held that "the absence of written findings does not constitute reversible error[,]" and that the record as set forth may suffice if the court's reasoning is sufficient, *see Smith by & through Smith v. Treasure Valley Seed Co., LLC*, 161 Idaho 107, 110–11, 383 P.3d 1277, 1280–81 (2016), the facts of this case do not establish sufficient reasoning and rationale for why the district court ordered fees under Idaho Code section 12-121.

After the court awarded fees under section 12-121, counsel for the Trust asked: "where this is an award based upon frivolous and unreasonable conduct of the defendants would it be necessary for the court to draft an order addressing that issue on the fees?" Counsel continued: "I guess my concern is I don't want it to be an issue that there wasn't a written order on that." Despite these concerns, the district court declined to issue written findings, instead opting to let its reasons on the record suffice and simply instructing the Trust's counsel to draft an order for the court to sign. A simple order awarding attorney fees is insufficient to satisfy the "in writing" requirement of Rule 54(e)(2).

Additionally, "[i]n exercising its discretion [in awarding fees], the trial court must consider the twelve factors outlined in I.R.C.P. 54(e)(3)." *Boel v. Stewart Title Guar. Co.*, 137 Idaho 9, 16, 43 P.3d 768, 775 (2002). "A trial court need not specifically address all of the factors contained in I.R.C.P. 54(e)(3) *in writing*, *so long as the record clearly indicates* that the court considered them all." *Id.* (emphasis added). In this case, the court stated:

17

> [The Trust] has set forth in [its] memorandum of costs and fees sufficient information for me to make a determination under Rule 54(a) through . . . (i) [sic] all the various criteria, and I have thought about all of those, and I don't find that there's a reason to depart either upward or downward of what has been sought.
>
> Most importantly, the hourly rate requested . . . is very reasonable for the area, $220 per hour. The amount of time spent certainly sounded reasonable or appeared to be reasonable when looking at the . . . amount of time spent for each task that's broken out in the detailed report billing statement, so I certainly have enough to go on under Rule 54 to make that determination.

This record demonstrates that the court simply "thought" about all of the factors enumerated in I.R.C.P. 54(e)(3). When discussing those factors, the court addressed only two—the hourly rate requested and the amount of time spent on each task. While this may have sufficed with adequate explanation in writing, the oral pronouncement is insufficient to satisfy the standards of the rule. *Cf. Boel*, 137 Idaho at 16, 43 P.3d at 775 (holding the district court did not abuse its discretion when it considered nine of the enumerated factors and indicated it had considered the other three but found their impact to be negligible.). The district court's mention of only two factors is incongruent with the legal standards set forth by I.R.C.P. 54(e)(3). Therefore, we hold the district court abused its discretion by failing to sufficiently record the I.R.C.P. 54(e)(3) factors that governed the award here. For these reasons, we vacate the award and remand for the district court to make written findings consistent with the rule.

**D.      Attorney fees on appeal are awarded to the Trust.**

Drake and LRM request attorney fees on appeal pursuant to Idaho Code section 12-121 and Idaho Appellate Rule ("I.A.R.") 40. The Trust also requests attorney fees on appeal pursuant to section 12-121. According to the Trust, the arguments made on appeal are the same arguments Drake and LRM made before the district court.

"This Court has explained it will award attorney fees under section 12-121 to the prevailing party only 'if the action was pursued, defended, or brought frivolously, unreasonably, or without foundation.' " *Clark v. Jones Gledhill Fuhrman Gourley, P.A.*, 163 Idaho 215, 230, 409 P.3d 795, 810 (2017) (quoting *Idaho Mil. Hist. Soc'y,*

*Inc. v. Maslen*, 156 Idaho 624, 633, 329 P.3d 1072, 1081 (2014)). Those circumstances exist when appellants simply ask the "appellate court to second-guess the trial court by reweighing the evidence or ha[ve] failed to show that the district court incorrectly applied well-established law." *Id*. (quoting *Snider v. Arnold*, 153 Idaho 641, 645–46, 289 P.3d 43, 47–48 (2012)). Fees will not be awarded on appeal when good-faith arguments are raised. *Id*.

Drake and LRM assert the district court made several errors. They have only persuaded the Court in a minor way and thus are not the prevailing party. More, Drake and LRM's arguments are often conclusory, fail to provide explanation as to how the law below was incorrectly applied, and ask this Court to second-guess multiple discretionary rulings made by the district court.

In contrast, the Trust prevailed on nearly all of the issues in this case – and likely would have prevailed on them all, were it not for the district court's refusal to issue written findings even though the Trust's counsel brought the matter to the court's attention. Thus, we will apportion the attorney fees awarded here under section 12-121. On appeal, we apply a "more holistic view to examine whether the non-prevailing party argued the issues in 'good faith' or acted 'without a reasonable basis in fact or law.' " *Galvin v. City of Middleton*, 164 Idaho 642, 648, 434 P.3d 817, 823 (2019) (quoting *Manwaring Invs., LLC v. City of Blackfoot*, 162 Idaho 763, 774, 405 P.3d 22, 33 (2017)). In doing so, we hold that the Trust is entitled to its attorney fees pursuant to Idaho Code section 12-121 for the time spent to research, write, and argue all issues before this Court except those related to whether the district court erred in striking portions of Schwab's affidavit for inadmissible hearsay and whether the district court's attorney fee award was an abuse of discretion, which are specifically set forth in the Trust's briefing as parts III.D.2 and III.E. The Trust is also entitled to its costs on appeal. Drake and LRM's arguments and briefing as to all issues other than those specified fail to provide explanation as to how the law was incorrectly applied below, and simply ask this Court to second-guess rulings made by the district court. Such arguments were thus without a reasonable basis in fact or law.

## VI. CONCLUSION

We affirm the district court's grant of summary judgment for the Trust and the district court's evidentiary rulings. We vacate the district court's attorney fee award and remand for further proceedings consistent with this opinion. We award costs and attorney fees to the Trust as set forth above.

Chief Justice BURDICK, Justices BRODY, STEGNER and MOELLER, CONCUR.